HARLIN JAMES WOODWARD, · an Infant, by Guardian, etc.,
Appellant, v. JULIA L. JAMES, Individually and as Execu-
trix, etc., et al., Respondents.

J. died seized and possessed of a large estate, both real and personal.
He left a widow and collateral relations, but no children, father or
mother. By his will he gave to the widow the use of his city and country
residences for life, and absolutely the furniture therein, and also one-
half of the income of all his property of every kind, for life, "without
restraint, deduction or interference of any kind;" she was appointed
sole executrix. The testator gave to his "legal heirs" "the remain-
der of the income," accruing during the life of his wife, "after the
payment and discharge of all taxes, assessments, and charges, interest
and obligations, against" his estate, and then "the reversion and owner-
ship" of all his property, after the death of his wife, with the "reserva-
tion, exception and direction" that in the event of any of his said heirs
making any attempt "to interfere with or restrain, in any manner," his
wife "from the full enjoyment, use, management and direction and dis-
position" of the property and income, such heir or heirs should be
forever debarred from any interest, ownership or inheritance in any of
his property, the share of such heir to be divided among the remaining
heirs "according to law." The executrix was authorized, in her dis-
cretion, to sell such portions of the real estate as should be necessary to
pay debts. In an action for the construction of the will and a partition of
the real estate devised, held, that the will created a valid trust; that the
legal estate was vested in the widow, as trustee, for the term of her life,
and that, therefore, a partition was properly denied.

The testator left a brother, two half sisters, nine nephews and nieces,
children of a deceased brother, half brother and half sister, and plaintiff,
who was a grandchild of a deceased brother. Held, that the words
"legal heirs," as used in the will, meant those who would take in
case of intestacy, and in the proportions prescribed; that the remain-
dermen, therefore, took per stirpes and not per capita; and as, under
the statute of distributions, representation goes no further than brothers
and sisters' children, and the rule of intestacy applies to the quantity of
interest to be taken, the plaintiff had no interest in the personal estate.

Also, held, that in case the current charges exceeded the moiety of the
income not given to the widow, the balance remaining after such moiety
was exhausted should be charged upon and paid out of her moiety, not
the corpus of the estate.

Reported below, 44 Hun, 95.

(Argued June 5, 1889; decided October 8, 1889.)

APPEAL from judgment of the General Term of the Supreme
Court in the first judicial department, entered upon an order

made February 7, 1887, which modified, and as modified affirmed, a judgment entered upon a decision of the court on trial at Special Term.

This action was brought to obtain a judicial construction of the will of Frederick P. James, who died in September, 1884, seized and possessed of real estate and personalty, and also to obtain a partition of the real estate.

The material portions of the will are as follows: "I give and bequeath to my beloved wife Julia, for her sole use, enjoyment and benefit during her life, without restraint, deduction or interference in any manner whatever, as follows: First. One-half the income of all my property of every kind of which I may die possessed. Second. The use, enjoyment, rental and occupation of my two residences, one known as 'Cragside,' in Cold Spring and Phillipstown, New York, and the other known as No. 400 Fifth avenue, New York city. Third. I give, devise and bequeath absolutely to my said wife all the household furniture, pictures, plate, books, ornaments, horses, carriages, farm implements and property of every description in or upon, or appertaining in any manner to, the two houses and residences aforesaid. The said devises and bequests to my said wife to be in lieu of dower and right of dower.

"I give, devise and bequeath to my legal heirs the remainder of the income from my property during the life of my wife, after the payment and discharge of all taxes, assessments and charges, interest and obligations against my said estate, except as hereinafter provided in case of interference.

"I give, devise and bequeath to my legal heirs, except as herein provided otherwise, the reversion and ownership of all my estate and property after the death of my wife, with the reservation, exception and direction that, in the event of any of my legal heirs making any attempt, directly or indirectly, in any manner or form, to interfere with, or restrain in any manner, my beloved wife from the full enjoyment, use, management and direction and disposition of the property and income of my estate as herein devised, then, and in that event,

such one of my legal heirs as shall do or perform, or aid or
abet the performance of such an act, or cause the same to be
done, shall be forever debarred from any part, parcel, interest
or ownership, or inheritance to any of my property, and be
excluded from sharing in the same, and the share that would
otherwise have gone to him or her shall be divided among the
remaining heirs according to law.

"I authorize and direct my executrix, in her discretion, to
sell and convey such portion of my property as may be
requisite or necessary to pay and discharge my just debts and
obligations. I constitute and appoint my wife, Julia L. James,
my sole executrix, and direct that no bond, obligation or surety,
be required from her."

The further material facts appear in the opinion.

*Frank E. Smith,* guardian *ad litem,* for appellant. Plaint-
iff is a devisee under the will. (1 R. S. 752, §§ 7, 8, 9;
Willard on Real Estate [2d ed.] 333; *Hannan* v. *Osborn,*
4 Paige, 336, 340; *Pond* v. *Bergh,* 10 id. 140.) Plaintiff is
also a legatee under the will. (*Murdock* v. *Ward,* 67 N. Y.
387; *Luce* v. *Dunham,* 69 id. 42; *Keteltas* v. *Keteltas,*
72 id. 312; Theobald on Wills [3d ed.] 256; *De Beauvoir*
v. *De Beauvoir,* 3 H. L. Cas. 524, 557; *Smith* v. *Butcher,*
L. R., 10 Ch. D. 113; *Dixon's Estate,* L. R., 4 P. D. 81;
*In re Stannard,* 52 L. J. [N. S. Ch.] 355; *Cushman* v.
*Horton,* 59 N. Y. 149; *Mason* v. *Bailey,* 12 Cent. Rep. 331;
*Clarke* v. *Cordis,* 4 Allen, 466; *Lombard* v. *Boyden,* 5 id.
249; *Merrill* v. *Preston,* 135 Mass. 451, 455; *Fabens* v.
*Fabens,* 141 id. 395, 399; *Gordon* v. *Small,* 53 Md. 550, 561,
562; *Harrison* v. *Nixon,* 9 Peters, 483; *Aspden's Estate,*
2 Wall., Jr., 368, 442, 451; *Packer* v. *Nixon,* 9 Peters, 405;
*Poole* v. *Nixon,* Id. 483; *White* v. *Brown,* 1 Wall., Jr., 217;
*Brown* v. *Aspden,* 14 How. 368; *Aspden* v. *Nixon,*
4 id. 467.) No trust is created by the will. (*Post* v. *Hover,*
33 N. Y. 593, 599; *Robert* v. *Corning,* 23 Hun, 299;
89 N. Y. 225, 238; *Craig* v. *Craig,* 3 Barb. Ch. 76, 97;
*Bradley* v. *Amidon,* 10 Paige, 235; *Brewster* v. *Striker,*

2 N. Y. 19; *Leggett* v. *Perkins,* id. 297; *Tobias* v. *Ketchum,* 32 id. 319; *Vernon* v. *Vernon,* 53 id. 351; *Morse* v. *Morse,* 85 id. 53; *Marx* v. *McGlynn,* 88 id. 357; *Hathaway* v. *Hathaway,* 37 Hun, 265; *Ward* v. *Ward,* 105 N. Y. 68; *Heermans* v. *Robertson,* 64 id. 332; *Williams* v. *Freeman,* 98 id. 577; *Macy* v. *Sawyer,* 66 How. Pr. 381; *Roseboom* v. *Roseboom,* 81 N. Y. 356; *Campbell* v. *Beaumont,* 91 id. 465; *Freeman* v. *Coit,* 96 id. 63; 1 R. S. 749, § 4; *Deraismes* v. *Deraismes,* 72 N. Y. 154; *Betts* v. *Betts,* 4 Abb. N. C. 317, 429; Ram. on Wills, 31, 32; *Lynes* v. *Townsend,* 33 N. Y. 558, 569; *Abbott* v. *Middleton,* 7 H. L. Cas. 68, 114; *Walker* v. *Whiting,* 23 Pick. 313, 317.) An unqualified gift by will of the rents or income of real property is, in legal effect, a devise of that property itself. (3 Washburn on Real Property [4th ed.] 529, § 30; *Mott* v. *Richtmyer,* 57 N. Y. 49, 60; *Jennings* v. *Conboy,* 73 id. 230; *Monarque* v. *Monarque,* 80 id. 320, 324; *Bailey* v. *Bailey,* 97 id. 460, 470, 471; *France's Estate,* 75 Pa. St. 220; *Reform Society,* v. *Case,* 3 Dem. 15; *Livingston* v. *Greene,* 52 N. Y. 118; *Weed* v. *Aldrich,* 2 Hun, 531; 3 Greenleaf's Cruise, 566, § 9, 568, §§ 20, 21; Code, §§ 1553, 1560, 1569.) The trust which it is sought to imply into the will is void for the reason that the trustee, Mrs. James, is also the principal beneficiary. (Lewin on Trusts [8th ed.] 14; Perry on Trusts, § 13; *Goodright* v. *Wells,* 2 Doug. 770, 778; 3 Preston on Merger [42 L. L.] 327, 333; 2 Washburn on Real Property [4th ed.] 515; *Brydges* v. *Brydges,* 3 Ves. 120; *Selby* v. *Alston,* Id. 339; *Nicholson* v. *Halsey,* 1 Johns. Ch. 417; *Hopkinson* v. *Dumas,* 42 N. H. 296, 306; *Connolly* v. *Connolly,* 1 Ir. Eq. Rep. 376; *Wills* v. *Cooper,* 25 N. J. Law, 137; *Bolles* v. *State Trust Co.,* 27 N. J. Eq. 308; *Mason* v. *Mason,* 2 Sandf. Ch. 433, 477; 1 R. S. 727, § 47; *Verdin* v. *Slocum,* 71 N. Y. 345; *S. S. Bank* v. *Holden,* 105 id. 415; *Coster* v. *Lorrillard,* 14 Wend. 265; *Craig* v. *Hone,* 2 Edw. Ch. 554; *F. L. and T. Co.* v. *Carroll,* 5 Barb. 613, 643, 652; *Bundy* v. *Bundy,* 38 N. Y. 410; *Wetmore* v. *Truslow,* 51 id. 338; *Wetmore* v. *Parker,* 52 id. 450, 459; *Rogers* v.

*Rogers*, 111 id. 228; *Fellows* v. *Heermans*, 4 Lans. 230, 256; *Matter of Shipman*, 22 N. Y. State Rep. 356, 362; *Postley* v. *Cheyne*, 4 Dem. 492, 500; *Owens* v. `Missionary Society*, 14 N. Y. 380, 406; *Downing* v. *Marshall*, 23 id. 366, 382; *Henderson* v. *Henderson*, 21 N. Y. State Rep. 800, 804.) The trust implied into the will by the judgment is·not authorized by the statute, inasmuch as it appears on the face of the will itself that the proposed beneficiaries are all competent to hold and manage property for themselves. (*Coster* v. *Lorillard*, 14 Wend. 321, 322; *Hawley* v. *James*, 16 Wend. 156; *Craig* v. *Hone*, 2 Edw. Ch. 554, 562; *Wetmore* y. *Truslow*, 51 N. Y. 338.) The personal property left by the testator, not specifically bequeathed, goes to the same persons and in the same manner as the realty. (*Earl* v. *Grim*, 1 Johns. Ch. 494; *Hatch* v. *Bassett*, 52 N. Y. 359; *Craft* v. *Snook*, 13 N. J. Eq. 121; *Gulick* v. *Gulick*, 27 id. 498; *Westcott* v. *Cady*, 5 Johns. Ch. 334, 349; *Covenhoven* v. *Shuler*, 2 Paige, 122, 132; *Tyson* v. *Blake*, 22 N. Y. 558; *Smith* v. *Van Ostrand*, 64 id. 279; *Livingston* v. *Murray*, 68 id. 485; *In re Braithwaite*, L. R., 21 Ch. D. 121; *In re Matter of Shipman*, 22 N. Y. St. Rep. 356; *Rogers* v. *Rogers*, 111 N. Y. 228; *Bundy* v. *Bundy*, 38 id. 410.) The devise to the "legal heirs" of the testator is in this case an effectual one, so that the persons who take under it, take as purchasers, and not by descent. (2 Black. Com. 241; Watkins on Descents, 176; 4 Dane on Abridgment, 513, §§ 5, 11; 8 Ram on Wills, 17; *Eby's Appeal*, 50 Penn. St. 311; *In re N. Y., L. E. & W. R. R. Co.*, 105 N. Y. 89, 96; *Scott* v. *Scott*, Ambler, 383; *Doe* v. *Timins*, 1 B. & Ald. 536; 2 Preston's Abstract of Title, 429; Croke, Car. 161; Constitution, art. 1, § 17; *Cutting* v. *Cutting*, 86 N. Y. 522, 527; *Hegerich* v. *Keddie*, 99 id, 258. 260; *Butler* v. *Jarvis*, 51 Hun, 248, 252, 253.) The persons answering the description of "legal heirs" of the testator take the property devised to them as tenants in common. (1 R. S. 727, § 44; Freeman on Co-tenancy, § 105; Watkins on Descents, 149; *Ward* v. *Stow*, 2 Dev. Eq. 509; Fearne on Contingent Remainders, 79; *Campbell*

v. *Wiggins*, Rice's Eq. 10; *Blackler* v. *Webb*, 2 P. Wms. 383; *Lemacks* v. *Glover*, 1 Rich. Eq. 141; *Witmer* v. *Ebersole*, 5 Penn. St. 458; 5 Barr. 458; *Walker* v. *Dunshee*, 38 id. 431, 439; *Clarke* v. *Cordis*, 4 Allen, 466, 480; *Richardson* v. *Richardson*, 14 Simons, 526; 1 Perry on Trusts, § 257; Lewin on Trusts, 843; 2 Sugden on Powers, 246; 1 McLaren on Wills, 727, note b; *Tiffin* v. *Longman*, 15 Beav. 275; *Davenport* v. *Hanbury*, 3 Ves. 257; *Leigh* v. *Norbury*, 13 id. 340; *Hobgen* v. *Neale*, L. R., 11 Eq. Cas. 48; *Withy* v. *Mangles*, 4 Beav. 358; 10 Cl. & Fin. 215; *Kelley* v. *Vigas*, 112 Ill. 242; *Richards* v. *Miller*, 62 id. 417; *Aspden's Estate*, 2 Wall., Jr. 442, 448.) The will in question is to be interpreted and construed with reference solely to the laws of New York. (*House* v. *Lockwood*, 40 Hun, 532; 2 Greenl. on Ev. § 671; Story on Conflict of Laws [8th ed.] §§ 479 e. 479 h, 484; 2 Burge, Comm. Col. and For. Laws, 857, 858; 1 McLaren on Wills, 38; *Caulfield* v. *Sullivan*, 85 N. Y. 153, 159; *Trotter* v. *Trotter*, 4 Bligh N. R. 502; *Enohin* v. *Wylie*, 10 H. L. Cas. 1; *Harrison* v. *Nixon*, 9 Pet. 483, 502, 503; *Dannelli* v. *Dannelli*, 4 Bush, 51; *Hobson* v. *Hale*, 95 N. Y. 588; *Tillman* v. *Davis*, 95 id. 17; *Chamberlain* v. *Chamberlain*, 43 id. 424, 443; *Chapin* v. *Hill*, 1 R. I. 446; *Benson's Accounting*, 96 id. 499; *Isenhart* v. *Brown*, 1 Edw. Ch. 411; 2 Scribner on Dower, 527; 1 Roper on Legacies, 431, 432; *Hathaway* v. *Huthaway*, 37 Hun, 265.) Plaintiff is entitled to a partition. (Code, § 1532; *Brevoort* v. *Brevoort*, 70 N. Y. 136; *Mead* v. *Mitchell*, 17 id. 210; *Hetzel* v. *Barber*, 69 id. 1, 14.) Plaintiff is entitled to an account from the defendant. (1 R. S. 750, § 9; Code Civ. Pro. §§ 1589, 1666; *Joslyn* v. *Joslyn*, 9 Hun, 388.) The defendant Julia L. James, as "life tenant" of "Cragside" and "No. 400 Fifth avenue," is bound to pay all taxes and ordinary charges incident to their preservation. (*Cairns* v. *Chabert*, 3 Edw. Ch. 312; *Matter of Miller*, 1 Tucker, 346; *In re Albertson*, 113 N. Y. 434; *Gleadow* v. *Leetham*, L. R., 22 Ch. D. 269; *De Witt* v. *Cooper*, 18 Hun, 67, 69; *Pinckney* v. *Pinckney*, 1 Bradf. 269; *Stillwell* v. *Doughty*, 2 id. 311;

*Lawrence* v. *Holden,* 3 id. 142; *Peck* v. *Sherwood,* 56 N. Y.
615; *Deraismes* v. *Deraismes,* 72 id. 154; *Gelston* v. *Shields,*
16 Hun, 145; 78 N. Y. 275.) The defendant is bound to
pay one-half the interest accruing upon mortgages, and also
to contribute to the payment of the principal. (1 R. S.
749, § 4; *Halsey* v. *Reed,* 9 Paige, 446, 453; *House* v.
*House,* 10 id. 158, 165; *Bell* v. *Mayor, etc.,* Id. 49, 71; *Cogs-
well* v. *Cogswell,* 2 Edw. Ch. 230.) If the court shall hold
that a trust is created by the will, the defendant is only enti-
tled to one-half the net income of the estate. (*Whitson* v.
*Whitson,* 53 N. Y. 479; *Lawless* v. *Sullivan,* L. R., 6 App.
Cas. 373; *Lawrence* v. *Holden,* 3 Bradf. 142; *Stilwell* v.
*Doughty,* 2 id. 311; *Booth* v. *Ammerman,* 4 id., 129;
*Ex parte McComb,* 4 id. 151; *Deraismes* v. *Deraismes,*
72 N. Y. 154; *Wolfe* v. *Wolfe,* 2 Dem. 305.) The finding
of the trial court that in case the one-half of the gross income
not given to Mrs. James should prove insufficient in any year
to pay all charges against the estate, then the principal should
be resorted to to make up the deficiency, is plainly erroneous.
(*In re Whitson,* 53 N. Y. 479.) The plaintiff is entitled to
maintain this action. (*Bowers* v. *Smith,* 10 Paige, 193;
*Wager* v. *Wager,* 89 N. Y. 161, 166; Code, § 1866; *Jones* v.
*Jones,* 1 How. Pr. [N. S.] 510; *Adams* v. *Becker,* 47 Hun, 65;
*Embury* v. *Sheldon,* 68 N. Y. 227; *Stevenson* v. *Lesley,*
70 id. 512; *Keteltas* v. *Keteltas,* 53 How. Pr. 65; *Bailey* v.
*Briggs,* 56 N. Y. 407; *Bowers* v. *Smith,* 10 Paige, 193.)

*William C. Holbrook* for appellants Henry A. James and
others. The trial judge erred in holding that Mrs. James
should be deemed to be entitled to one-half the gross income
of the estate. (*Albany City Savgs. Inst.* v. *Burdick,* 87 N. Y.
40–46; *Derham* v. *Lee,* Id. 599; *Stillwell* v. *Doughty,*
2 Bradf. 311; *De Witt* v. *Cooper,* 18 Hun, 67, 69; *Pinckney*
v. *Pinckney,* 1 Bradf. 269; *Lansing* v. *Lansing,* 1 Abb.
[N. S.] 280; *Whitson* v. *Whitson,* 53 N. Y. 481; *Lawrence*
v. *Holden,* 3 Bradf. 142; *Booth* v. *Amerman,* 4 id. 129;
*Ex parte McComb,* 4 id. 151; *Wolfe* v. *Wolfe,* 2 Dem. 305;

*Deraismes* v. *Deraismes,* 72 N. Y. 154; Abbott's Law Dict.; Rap & Law, Law Dict.; *Andrews* v. *Boyd,* 5 Me. 200, 203; *McCarger* v. *McKinnon,* 15 Grant's Ch. 361; *Lawless* v. *Sullivan,* L. R., 6 App. Cas. 373; *In re Albertson,* 113 N. Y. 434; *Cairnes* v. *Chabert,* 2 Edw. Ch. 313; *Gelston* v. *Shields,* 16 Hun, 143; 78 N. Y. 275; *Peck* v. *Sherwood,* 56 id. 615.)

*Franklin Bartlett* for Julia L. James, respondent. A trust was created by the will for the life of the widow, who was made the trustee of such trust, and entitled to the management, direction and disposition of the property and its income for the purposes of the will and as it directed. (16 Abb. N. C. 246; *Brewster* v. *Striker,* 2 N. Y. 19, 32, 33, 34; *Vernon* v. *Vernon,* 53 id. 351, 359; *Morse* v. *Morse,* 85 id. 60; *Woodward* v. *James,* 44 Hun, 98, 99; *Thurber* v. *Chambers,* 66 N. Y. 48; *Stimson* v. *Vroman,* 99 id. 97; 2 R. S. 728, § 55; *Bradley* v. *Amidon,* 10 Paige, 235; *Tobias* v. *Ketchum,* 32 id. 327; Hill on Trustees [3d Am. ed.] 99; *Leggett* v. *Perkins,* 2 N. Y. 297; *Ward* v. *Ward,* 105 id. 68; *Smith* v. *Van Ostrand,* 64 id. 282; *Rogers* v. *Rogers,* 18 Hun, 409; 19 N. Y. S. R. 94.) The widow is entitled to one-half the gross income of the estate. (*Woodward* v. *James,* 16 Abb. N. C. 248; 44 Hun, 98.) Where a will gives real and personal estate to heirs without mentioning next of kin, the question of the intention of the testator may arise. (*Luce* v. *Dunham,* 69 N. Y. 42; *Taggart* v. *Murray,* 53 id. 238; *Thurber* v. *Chambers,* 66 id. 47; 2 R. S. 96, 97, § 75, subd. 11; *Tillman* v. *Davis,* 95 N. Y. 17.) The legal heirs of the testator take *per stirpes* and not *per capita.* (*Ferrer* v. *Pyne,* 81 N. Y. 281; *Kelly* v. *Viguas,* 20 Rep. 103.)

*William H. Arnoux* for respondents Charles D. Chase and others. By the terms of the testator's will his legal heirs were seized of an estate in fee subject to the life estate of his widow and to the trust estate created by the will. (*Hathaway* v. *Hathaway,* 37 Hun, 265.) The legal heirs take *per stirpes* and not *per capita.* (*Ferrer* v. *Pyne,* 81 N. Y. 284; 2 Jarman

on Wills, 621, 646; *Clark* v. *Lynch*, 46 Barb. 81; *Kelly* v. *Vigas*, 20 Rep. 103; *Richards* v. *Miller*, 62 Ill. 417; *Bassett* v. *Granger*, 100 Mass. 348; *Baskin's Appeal*, 3 Penn. St. 304; *Daggett* v. *Slack*, 8 Metc. 453, 454; *Rand* v. *Sanger*, 115 Mass. 124; *Baily* v. *Baily*, 25 Mich. 185; *Cook* v. *Catlin*, 25 Conn. 387; *Minter's Appeal*, 40 Penn. St. 111; *Raymond* v. *Hillhouse*, 19 Alb. L. J. 522; *Lyon* v. *Acker*, 33 Conn. 224; *Miller's Appeal*, 35 Penn. St. 323; *Balcom* v. *Haynes*, 14 Allen, 205; *Holbrook* v. *Harrington*, 16 Gray, 102; *Leland* v. *Adams*, 12 Allen, 286; *Harris' Estate*, 74 Penn. St. 452; *Templeton* v. *Walker*, 3 Rich. Eq. 543; *Britton* v. *Johnson*, 2 Hill [S. C.] 430; *Lowe* v. *Carter*, 2 Jones' Eq. 377; *Burgin* v. *Patten*, 5 id. 426; *Brett* v. *Horton*, 5 Jur. 696.)

*John A. Deady* for Virginia T. Kean, respondent.

FINCH, J. This action was brought to obtain a construction of the will of Frederick P. James, and for a partition of the real estate which he left, upon the theory that the remainder-men took vested legal estates under that will. The right of the plaintiff to a partition has thus far been denied upon the ground that the executrix took the whole estate in trust to invest and manage and control the same, to pay taxes, expenses and interest, and, after reserving to herself, annually, one-half of the gross income, to pay the balance remaining from the other half to the remaindermen; such trusts continuing during her life.

The testator left no children, and no father or mother, his wife alone surviving him. His relatives were collaterals to whom he owed no duty, and who had no rights in his property, moral or legal, as against his own choice and preference in its disposition. He made his wife executrix, and for her support and future welfare he carefully provided. He gave her for her life the use of his city and country residences, and absolutely the furniture therein and pertaining thereto, and one-half the income of all his property of every kind of which he should die possessed, also for and during her life, " without restraint, deduction or interference of any kind." The

remainder was devised and bequeathed to his "legal heirs," but in a manner and under conditions manifesting a very decided purpose to postpone their estates in remainder until the death of his wife. He gives to such heirs "the remainder of the income" from his property accruing during his wife's life, "after the payment and discharge of all taxes, assessments and charges, interests and obligations against" his estate, and then "the reversion and ownership" of all his property "after the death" of his wife, with an express "reservation, exception and direction," the terms of which throw a strong light upon his intention, and indicate quite clearly the result which he desired to accomplish. It is thus expressed: "That, in the event of any of my legal heirs making any attempt, directly or indirectly, in any manner or form, to interfere with or restrain in any manner my beloved wife from the full enjoyment, use, management and direction and disposition of the property and income of my estate as herein devised, then, and in that event, such one of my legal heirs as shall do or perform or aid or abet the performance of such an act, or cause the same to be done, shall be forever debarred from any part, parcel, interest or ownership or inheritance of any of my property, and be excluded from sharing in the same, and the share that would otherwise have gone to him or her shall be divided among the remaining heirs according to law."

Two things are made manifest by these testamentary provisions. The burden of all taxes and charges, and of all interest and obligations, was thrown upon the moiety of the income given to the heirs, and the half bequeathed to the wife was relieved from that deduction, and she, as executrix, was to have the management, direction and disposition of the property and income "as devised." She was to have its management and direction. That involved the collection and receipt of the income and rents and profits of the estate, the investment of its funds and the leasing of its lands. It involved also the payment by her, out of the income, of the charges existing and thereafter to accrue during her life. She was to have the disposition of the property "as devised,"

that is, in accordance with the provisions of the will, and so the duty was confided to her, as it seems to me, of ascertaining and paying over every year during her life the balance of income which might be due to the heirs.

We are of the opinion that the authority and duty thus conferred and imposed upon the widow respects the whole estate and requires that the legal title should be vested in her, as trustee, for the term of her life. It is true that the testator does not, in direct words, devise to her such an estate, or use the expression "trusts" or "trustee." That fact is one to be noted and weighed, but does not prevent the creation of a trust by implication where the exigencies of the situation require it, and such an intention is indicated. Here the duties especially imposed upon the widow belong to one of the authorized trusts permitted and defined by the statute; that is, to receive the rents and profits of lands and apply them to the use of the persons described, and under the power of sale given it is to sell lands for the purpose of satisfying a charge thereon. The objection taken to the implication of a trust is of a two-fold character. It is argued that the testator does not direct the executrix to collect and receive the rents, or to pay them over to the use of the parties entitled. We think that he does. The management and direction of the estate on the one hand and its disposition on the other "as devised," or in accordance with the terms of the will, are especially confided to the executrix, and the purpose to exclude all interference with or restraint upon her control and administration of the property is emphasized by the provision for the forfeiture of the share of any one of the devisees of the remainder who should in any manner interfere with her management and disposition. It is to be remembered, also, that the widow is given one-half of the income of the whole estate, and not the income of one-half of the property. The two things are very different; and so, to reach the testator's results and accomplish his purposes, it was necessary that somebody should lease and invest the whole estate, collect and receive the income and profits, pay taxes, debts and annual charges,

and distribute to the heirs so much of the one-half of the gross income as should remain annually as a surplus. That person was the testator's wife, for no one else could do these things without an interference with her management and control, which was forbidden under a serious penalty. We think there was a necessity for a trust, and an intention to create one.

But the objection is further pressed that the law will not imply a trust where, in the moment of its creation, it will be invalid, and that, as the same person cannot be both trustee and beneficiary, the trust to Mrs. James must fail. It is undoubtedly true that the same person cannot be at the same time trustee and beneficiary of the same identical interest. To say that he could would be a contradiction in terms, as complete and violent as to declare that two solid bodies can occupy the same space at the same instant. Where, however, the trustee is made beneficiary of the same estate, both in respect to its quality and quantity, the inevitable result is that the equitable is merged in the legal estate, and the latter alone remains. If, then, it be granted that, as to her half of the income, the widow was not trustee, and took what was given to her by a direct legal right, it does not follow that her trust estate in the *corpus* of the property is in any manner destroyed, or that there is any the less a necessity for its existence. She can be trustee for the heirs, and that trust ranges over the whole estate for the purpose of its management and disposition. If there be other difficulties as to the trust implied, it is sufficient to say that they have not been raised or argued. It follows, therefore, that the remedy of a partition was properly denied.

But the question of the construction of the will in some other respects remains. At the date of his death the testator left his brother, Edward D. James, his two half-sisters, Cornelia James and Judith Prescott, nine nephews and nieces, who were the children of a brother, a half-brother and half-sister, who were, respectively, deceased, and the plaintiff, who is a grandchild of a deceased brother. Whether these persons take their share of the remainder *per stirpes* or *per capita*,

and whether the plaintiff has any interest whatever in so much of the estate as is personalty are two of the questions raised.

We are thus required to determine whom the testator meant by " legal heirs," and whether he intended to designate by that phrase the individuals merely who should take, or to fix also the quantity of interest which should devolve upon each. If he used the words " legal heirs " solely to identify the individuals who were to take as devisees, they would be deemed, in general, to take as purchasers, as if all had been named, and, in the absence of any modifying language of the will, would take as tenants in common and *per-capita*. That, of course, assumes that the interest devised is in some way different from that which would have descended had no will been made. But the testator, I think, himself indicated the sense in which he used the phrase and what he meant by it. Where he declares the consequences of the forfeiture of any share he uses this language : " The share that would otherwise have gone to him or her shall be divided among the remaining heirs *according to law*." This, undoubtedly, means according to the law which governs in a case of intestacy. It evidently respects the quantity of interest as well as the persons who are to take, for the division, that is, the proportion, is to be according to law. This language tends to explain the meaning of the testator in the use of the word "heirs " in the devise of the remainder. It is qualified by the word " legal," which seems to have been used in the same sense and to express the same idea as the phrase " according to law " in the provision carrying a share over in case of forfeiture. In *Luce* v. *Dunham* (69 N. Y. 42), it was said, that where a will gives real and personal estate to heirs without mentioning next of kin the question of the testator's intention may arise. That is so for the reason that the one word is appropriate to the descent of real estate, but inappropriate to the disposition of personal property, and the sense in which the word was used may become open to inquiry. This testator knew that there was a wide difference in the relationship to him of his heirs. He had a brother living. His brother, Reuben, who was dead,

left seven children. Did the testator mean that each one of these should take as much of his estate as his living brother, and so that one brother, through his descendants, should take seven times as much as the brother living? If he intended such a discrimination, we should expect to find some decided manifestation of it. The conclusion to be reached on this will is not altogether clear and obvious; but I am inclined to agree with the General Term that the testator meant by the phrase "legal heirs" those who would take in case of intestacy and in the proportions prescribed by the statute; grounding such conclusion not merely on the situation, but also upon the language of the will, since, as was said in *Farrer* v. *Pyne* (81 N. Y. 284), the rule of a *per capita* division will yield to a very faint glimpse of a different intention. It may be that we should follow the rule prevailing in many other states, that a devise to heirs which compels a reference to a statute to ascertain who should take, makes the same statute the guide to the manner and proportion also. (*Richards* v. *Miller*, 62 Ill. 417; *Bassett* v. *Granger*, 100 Mass. 348; *Baskin's Appeal*, 3 Penn. 304; *Bailey* v. *Bailey*, 25 Mich. 185; *Cook* v. *Catlin*, 25 Conn. 387.) But for the present purpose we hold that the will discloses an intent that the remaindermen should take as in a case of intestacy and so *per stirpes*.

I think it follows necessarily that the plaintiff takes no interest in the personal property as the General Term decided. Under the statute of distribution representation goes no further than brothers' and sisters' children, and the rule of intestacy applying as to the quantity of interest to be taken, it results that the statute deprives the plaintiff, who is a grandchild of a brother, of all interest in the personal estate.

It remains to consider the conclusion of the General Term in another respect wherein it agreed with the trial court and affirmed its judgment. An emergency was suggested as likely, or at least possible, to arise, in which some source of payment should be designated for an excess of current charges beyond the half of the income upon which that burden was imposed.

It is evident that if such charges exhausted the moiety of the income not given to the wife, and still some portion remained unpaid, the balance could only be met from one of two sources; either the income of the wife or the *corpus* of the estate. The Special Term declared in and by its judgment that the latter should bear the burden, and that conclusion is challenged on this appeal. We are referred to our own decision recently made (*Matter of Albertson*, 113 N. Y. 434), in which we said, per GRAY, J., that to sustain a construction whereby capital is impaired in the payment of taxes expenses and interest, the direction should be unequivocal and unmistakable. There is no such direction. The testator evidently did not contemplate that emergency. He, doubtless, supposed, as he might have done quite reasonably, that the moiety of income given to the heirs would be not only ample for the burden which he imposed upon it, but sufficient besides to supply a surplus for division among them. In the absence of a positive direction as to an excess of current expenses beyond the moiety of income charged with their payment, the general rule must prevail and such excess be charged upon the moiety given to the widow. The language of the will, freeing her half from any deductions, was used in connection with the provision imposing the burden on the other half and without reference to an emergency which the testator did not contemplate and for which, therefore, he did not provide.

We do not think the question of forfeiture is properly in the case, and, therefore, express no opinion upon the subject.

The judgment of the General Term should be modified in respect to current charges remaining unpaid after the moiety given to the heirs is exhausted in accordance with this opinion, and, as modified, should be affirmed with costs, payable out of the estate.

All concur, except RUGER, Ch. J., not voting.

Judgment accordingly.