ELIZABETH LAWTON AND ANOTHER, AS EXECUTORS, ETC., OF SAMUEL GREEN, DECEASED, RESPONDENTS, *v.* SAMUEL G. CORLIES AND OTHERS, APPELLANTS, THE WASHINGTON TRUST COMPANY, RESPONDENT.

*Will, directing that the estate "be divided among my heirs-at-law" — who entitled thereto.*

A testator, by his will, provided as follows: "Secondly. I order and direct that my estate be divided amongst my heirs-at-law, in accordance with the laws of the State of New York, applicable to persons who die intestate."

*Held,* that, under this provision of the will, the real property left by the deceased passed to his heirs, in accordance with the statute of descent, and the personalty was to be distributed among the next of kin in accordance with the statute of distributions.

APPEAL by the defendants, Clara W. Corlies, Anne W. Corlies, Howard W. Corlies and Edmee A. Corlies, from a judgment of the Supreme Court, entered in the office of the clerk of the county of New York on the 25th day of June, 1890, except so much thereof as orders, adjudges and decrees that the costs of the several parties to the above-entitled action be paid by the plaintiffs out of the estate of the said Samuel Green, deceased.

The action was brought to obtain a construction of the will of Samuel Green, the second item of which, in regard to which the uncertainty arose, is set forth in the following opinion:

*Rufus L. Scott,* for the infant defendants, appellants.

*Wilson M. Powell,* for the plaintiffs, respondents.

*Charles H. Russell,* for the Washington Trust Company, as committee, etc., defendant and respondent.

BRADY, J.:

The uncertainty which presents itself to the plaintiffs in the contemplated discharge of their duties arises upon the following clause in the will involved herein:

"*Secondly.* I order and direct that my estate be divided amongst my heirs-at-law in accordance with the laws of the State of New York, applicable to persons who die intestate, and that no bond or

security whatever be required of my executors hereinafter named, in the settlement and distribution of my estate, real or personal."

The will itself contains three clauses, the first the direction for his executors to pay his debts and funeral charges as soon as may conveniently be done; the second, the one already mentioned, and from which the uncertainty springs, and the last the one nominating and appointing his executors. There is nothing, therefore, in its contents, which throws light upon the intention of the testator, and his meaning must be determined from the form and substance of the will.

The learned justice in the court below thought there was no difficulty whatever in ascertaining the intention of the testator as expressed in the clause mentioned. He was of opinion that the design was to dispose of the property as if the deceased had died intestate both as to realty and personalty, and that the sole object in view in the making of the will was to secure the appointment of executors. It will have been observed that the direction of the intestate was that his whole estate should be divided, in accordance with the laws of the State of New York applicable to persons who die intestate, among his heirs-at-law, and the learned justice, upon a consideration of the subject presented, thought the natural and reasonable view to be that he meant his estate to be divided and distributed, according to its nature, as the law provided, in case he made no will, that is to say, that the realty, if any should follow the statute of descents as it exists in this State, and the personalty the statute of distributions, by the latter of which representation in collaterals would not extend beyond brothers' and sisters' children. Although many cases have been referred to, and the subject is susceptible of a considerable display of adjudications, it is nevertheless thought that the decision in the case of *Woodward* v. *James* (115 N. Y., 346) substantially disposes of this appeal. There the words considered were "legal heirs," and the court was required to determine whether by that class the testator intended to designate the individuals merely who should take, or to fix also the quantity of interest which should devolve upon each; and the determination was that the plaintiffs took no interest in the personal estate, inasmuch as under the statute of distributions representation extends no further than brothers and sisters' children; and the rule of intes-

tacy applying as to the quantity of interest to be taken, it resulted that the statute deprived the plaintiff, who was a grandchild of a brother, of all interest in the personal estate.

The interpretation placed upon the clause in question by the learned justice in the court below seems to be unassailable, if we give expression to the plain import of the language used by the testator. He directed that his whole estate should be divided, in accordance with the laws of the State applicable to persons who die intestate, among his heirs-at-law. The language which seems at once to suggest this view is the words "heirs-at-law." Who, it may be asked, would be embraced, however, within that term if he had died intestate? The answer to this query is that it would include those named by the statute of distributions existing in this State which designates the persons who should receive his personal estate and in what proportions, and also those, if any, to whom his real estate would descend. And giving to the persons forming each of these classes whatever of the estate would go to them under the laws of the State, would seem to be such a division of his property as he contemplated when he made his will. As already suggested, there is nothing to indicate any other purpose. It is precisely as if the testator had said, I do not intend that there shall be any dispute over my estate. I mean to declare that the persons who are recognized by the law of the State of New York as entitled to a portion of it shall have it to the extent the law declares. My real estate shall be divided amongst those to whom it would descend, and my personal estate shall be distributed to those who would be entitled to it just as if no will had been made. And I make this will only for the purpose of securing the co-operation of the executors whom I have named to take charge of my estate and protect it.

For these reasons the judgment appealed from should be affirmed.

VAN BRUNT, P. J., and DANIELS, J., concurred.

Judgment affirmed.