Winifred J. Mulry, Individually and as Testamentary Trustee, etc., of William Mulry, Deceased, Appellant, *v.* William P. Mulry and Others, Defendants; Winifred R. Mulry and Others, Respondents.

89h 531
59ad513

*Will — trust created thereby — effect of naming the beneficiary a trustee — power of a beneficiary when substituted as trustee under* 1 R. S. p. 730, § 68 — *power of sale.*

Where a trust is attempted to be created, and the beneficiary, who is entitled to a beneficial interest in the trust, is created a trustee, no trust is in effect created; the person named as trustee and as beneficiary takes the entire estate. Where, however, there are others interested as beneficiaries in the trust besides the trustee a valid trust is created.

Under the Revised Statutes of the State of New York (1 R. S. p. 730, § 68) providing that upon the death of the surviving trustee of an express trust the trust, if then unexecuted, vests in the Supreme Court with all the powers and duties of the original trustee, and shall be executed by some person appointed for that purpose under the direction of the court, an order of the court designating a beneficiary to execute the trust is not void.

A testator, by his last will and testament, after making certain specific bequests, devised and bequeathed the rest and residue of his property to his executors in trust, to convert the same into cash or other property, and to make, execute and deliver all necessary and proper deeds and conveyances for all the property held by them at any time in trust, and to receive the rents, income and profits of the same, and to apply said rents, income and profits, first, for the benefit of certain persons therein specified, and then to pay one-third of the same to his wife for life, subject to said charges. The balance of the income from said

trust estate he directed should be applied for the support, education and main-
tenance of his son, William P. Mulry, and his daughter, Winifred Mulry, in
equal shares during their lives, giving full power to his executors, in their dis-
cretion, to convey, pay over or deliver to his said children, respectively, share
and share alike, all the property held in trust by them in a manner provided in
said will. In case of the death of one of his children, without leaving lawful
issue, his executors were directed to hold, convey and pay over the share so
held by them in trust for the child so dying for or to the survivor, in the same
manner as they were authorized, ordered or directed in reference to the share
held in trust for such survivor; and in the event of the death of both of his
children, without leaving lawful issue, he provided for another disposition of
the remainder of his estate.

By a codicil to his will he gave the rest, residue and remainder of his estate to his
executors, as trustees, in two equal shares or portions, to pay one-third of the
net income of one share to his wife, and the remaining two-thirds of the net
income of such share to his son, William P. Mulry, during his life, and to pay
one-third of the net income of the other share to his wife during her life, and
the balance of the net income of such share to his daughter, Winifred Mulry,
during her life. He also gave to his trustees full power of sale and provided
in said codicil that, except so far as his original will was not inconsistent with
the codicil, the said will and every part thereof was ratified and confirmed.

One of the persons named as trustee died before the testator, and the other two
persons therein named having refused to qualify or act, the testator's widow
was appointed by the court substituted trustee of the trust contained in the
will, and upon her death the testator's daughter, Winifred Mulry, the benefici-
ary as to one-half of the trust property, was substituted as trustee in the place
of her mother.

In an action brought by the substituted trustee to obtain a judicial construction
of the last will and testament and codicil of said William Mulry, and for the
instruction of the court as to the duties devolving upon her;

*Held,* that as none of the trustees named in the will of the testator were bene-
ficiaries, a valid trust was created;

That the trustees named not having qualified, the trust, with all the powers and
duties of the original trustees, was vested in the Supreme Court, and was to be
executed under its direction;

That the trust created by the codicil was a valid trust, and vested the title of the
trust estate in the trustees;

That the court, in the appointment of a substituted trustee, had vested such
trustee with the powers contained in the original trust, except as to the power
of sale, which it had reserved to itself, and that such substituted trustee was in
the position of a trustee under the will, whose duty it was to rent the property
and invest the personal property and receive the income, rents and profits
thereof, and after paying the necessary taxes, assessments and other charges,
to divide the net income according to the provisions of said codicil;

That there was no provision in the will or codicil that could be construed into
authority to pay the taxes or assessments on the property out of the principal;

That although the codicil made no disposition of the remainder after the death of the life tenants, the remainder was disposed of under the provision of the will, which provision was confirmed by the codicil;

That the provision of the will whereby on the death of one of the children of the testator the property was to be held in trust for the surviving child, was void as suspending the power of alienation for more than two lives in being ; that such clause, however, did not invalidate the other trust under which the property was held during the lifetime of the two children;

That the provision of the will allowing the executors to pay over any portion of the principal of the estate to the children was revoked by the codicil;

That the power of sale contained in the will and codicil was vested in the court, but as in the order appointing the substituted trustee she was expressly excluded from the exercise of that power, she could only exercise it upon obtaining further authority from the court;

That the power of sale contained in both the will and codicil was not a mere naked discretionary power, but was given in connection with the trust estate as necessary for the proper performance of the trust; and that it was the intention of the testator to vest this power of sale as a necessary incident to the performance of the trust by the trustees.

APPEAL by the plaintiff, Winifred J. Mulry, individually and as testamentary trustee, etc., of William Mulry, deceased, from portions of a judgment of the Supreme Court in favor of the defendants, entered in the office of the clerk of the county of New York on the 21st day of January, 1895, upon the decision of the court rendered after a trial at the New York Special Term construing the last will and testament and codicil of William Mulry, deceased.

The last will and testament of the testator was as follows :

" In the name of God, amen. I, William Mulry of the City of New York, being of sound mind and memory, do make, publish and declare this my last will and testament as follows :

" I direct my executors hereinafter named to pay all my just debts, funeral and testamentary expenses.

" I give devise and bequeath to my wife Winifred all my household furniture (except piano) and also the sum of five hundred dollars.

" I give devise and bequeath to my daughter Winifred my piano and the sum of Two hundred dollars and to my son William P. Mulry the sum of Eight hundred dollars and to the Rev. John McCloskey, Archbishop of the Diocese of New York, or his successor in office, the sum of Two hundred and fifty . dollars or such part thereof as with the donations already made by me will amount to

one thousand dollars to be applied towards the erection of the new Roman Catholic Cathedral in the city of New York.

"And I give to the Roman Catholic Orphan Asylum of the City of New York the sum of One hundred dollars.

"All the rest, residue and remainder of my property and estate, both real and personal, I give devise and bequeath to my executors, hereinafter named, in trust as and for the uses and purposes following, that is to say : IN TRUST with power at their discretion to sell and dispose of the same or the same to convert into cash or other property and to make, execute and deliver all necessary and proper deeds and conveyances for all my property held by them at any time in trust, and to receive the rents, income and profits of the same and to apply the said rents, income and profits as follows :

"*First.* For the support and maintenance of my mother Winifred during her life the sum of One hundred dollars per year.   For the education of my nephew Thomas P. Mulry and niece Theresa Mulry, children of my deceased brother Michael, the sum of Seventy-five dollars each per year until they shall respectively attain the age of sixteen years.

"*Second.* One-third of the rent, income and profits aforesaid to pay to my wife Winifred so long as she shall live and remain unmarried after my death, hereby making the above several payments charges upon the above rents, income and profits and the above payments to my wife Winifred to be and to be accepted by her in full satisfaction and payment of any dower or right of dower in my real estate.

"Subject to the above charges I hereby order, direct and appoint that the rents, income and profits of the property held in trust as aforesaid or so much thereof as may be necessary for that purpose, be paid and applied for the support, education and maintenance of my son William P. Mulry and my daughter Winifred Mulry, share and share alike so long as they shall live hereby giving full power to my said executors in their discretion, and if to them it shall seem proper, to convey, pay over, or deliver to my said children respectively, share and share alike, subject as aforesaid, all the property held in trust by them, as follows, that is to say :

"To either of my said children one-third of the property held in trust for him or her respectively at the expiration of one year after

my death.  One other third thereof five years after my death and one other third thereof ten years after my death or in the discretion . of my said executors the said property may be held in trust for each of my said children respectively during the lifetime of each respectively. ·

" In case either or both of my said children shall die leaving lawful issue him or her surviving then and in such case my executors shall pay or convey to such issue respectively the property held in trust for such deceased child or children respectively.  In case one of my said children should die without leaving lawful issue then I authorize, order and direct my executors to hold, convey or pay over the share held by them for the one thus dying for or to the survivor in the same manner as is hereby authorized, ordered or directed in reference to the share held in trust for such survivor.  In case both of my children shall die without lawful issue surviving, then and in such case I give, devise and bequeath all my property and estate then held by my executors in trust (subject always nevertheless to the charges thereon in favor of my mother, nephew and niece and wife, hereinbefore mentioned) one-third to my brother Lawrence Mulry or his lawful issue ; one-third to my brother Thomas Mulry or his lawful issue ; one-sixth respectively to my nephew, Thomas P. and my niece Theresa Mulry, children of my deceased brother Michael Mulry, or their lawful issue. Except that in case either of my said brothers or my said nephew and niece should die before my children without leaving lawful issue then and in such case the share or portion above bequeathed to him, her or them respectively shall be divided equally among the survivors of them and the issue of such as are dead leaving lawful issue, share and share alike.

" In case the rents, income and profits of all my property should not be sufficient for any of the purposes to which the same may be applied as aforesaid then and in such case I authorize my executors to use such portions of the principal as may be necessary for such purpose.

" I nominate, constitute and appoint my brothers Lawrence Mulry and Thomas Mulry and my cousin Michael Mulry to be the executors of this my last Will and Testament, hereby revoking all former or other wills by me made.

FIRST DEPARTMENT, OCTOBER TERM, 1895. [Vol. 89.

" In witness whereof I have hereunto set my hand and seal this first day of July in the year one thousand eight hundred and seventy-two.

"WILLIAM MULRY."

The codicil of the said William Mulry was as follows :

" I, William Mulry, of the city of New York, do make, publish and declare this my codicil to my last will and testament made on the first day of July A. D. 1872, and hereby

" *First.* I revoke and annul the, or any gift, devise or bequest made in the said will and testament to the Rev. John McCloskey, Archbishop of the diocese of New York or to his successor in office.

" *Second.* I confirm the direction to my executors to pay all my just debts, funeral and testamentary expenses, and except as hereinbefore revoked or annulled I confirm each and every of the specific gifts, devises and bequests made before' the residuary clause of my said will and testament, and I hereby give and bequeath to public institutions in the city of New York as follows that is to say : to Saint Joseph's Hospital for the Incurable and to Saint Joseph's Home for the Aged and to the Little Sisters of the Poor the sum of Three hundred dollars each.

" *Third.* All the rest, residue and remainder of my property and estate, both real and personal, I hereby give, devise and bequeath in two equal shares or portions in trust to the executors named in my aforesaid will and testament with the same powers as to each of said shares or portions to sell, convert and convey and to receive the rents, income and profits and with the same ultimate disposition of the absolute title to the whole and every part thereof as is specified in the aforesaid will and testament as to the rest, residue and remainder of my property and estate which is therein given, devised and bequeathed to such executors in trust, hereby directing such executors to pay one-third of the net income, rents, issues and profits of each of the shares or portions of my property and estate, which is to be held by them in trust, to my wife Winifred so long as she shall live and remain unmarried after my death and hereby making such payments a charge in equal amounts upon each of the shares or portions of the property or estate thus to be held in trust. Such payments to be accepted and received by my said wife in lieu of all

dower or right of dower in my real estate, and I do hereby direct and appoint that the net rents, income and profits of one of said shares or portions less the one-third thereof which is to be paid as aforesaid to my said wife shall be paid to my son William P. Mulry during his life, and that the net income or profits of the other of such shares or portions less the one-third thereof which is to be paid as aforesaid to my said wife shall be paid to my daughter Winifred J. Mulry during her life.

"*Fourth.* I revoke such parts or portions of my aforesaid will and testament as are inconsistent with this my codicil thereto and except as aforesaid my aforesaid will and testament and every part thereof which is not rendered nugatory by the death of my mother and the now attained respective ages of my nephew and niece therein named is hereby ratified and confirmed.

"In witness whereof I have hereunto set my hand and seal this 16th day of September in the year of our Lord one thousand eight hundred and eighty-seven.

"WILLIAM MULRY. [SEAL.]"

The complaint alleged among other things :

IV. That thereafter Winifred Mulry, the widow of said testator, was, on or about June 14, 1892, by a decree of the surrogate of the county of New York, duly appointed administratrix, with the will annexed, of the estate of William Mulry, deceased, and duly qualified and acted as such administratrix until the time of her death, on or about the 2d day of April, 1894.

V. That on or about the 14th day of August, 1893, an order was entered in this court under the direction of Hon. MORGAN J. O'BRIEN, one of the justices of this court, appointing the aforesaid Winifred Mulry sole testamentary trustee under the last will and testament of William Mulry, deceased, upon the execution, approval and filing of a bond in the sum of $500 in the office of the clerk of this court, with full power and authority to execute the trusts declared in said last will and testament of said William Mulry as if she had been appointed by said deceased in his said last will and testament as such trustee ; that the aforesaid Winifred Mulry duly qualified as such trustee, and entered upon the discharge of her duties.

VI. That the said Winifred Mulry died intestate on or about the 2d day of April, 1894, and that the aforesaid trusts were not completed.

VII. That on or about the 26th day of April, 1894, an order was entered in this court under the direction of Hon. ABRAHAM R. LAWRENCE, one of the justices of this court, appointing the plaintiff herein testamentary trustee under the last will and testament of said William Mulry, deceased, in the place and stead of said Winifred Mulry, deceased.

*Michael J. Scanlan,* for the appellant.

*Joseph H. Mahan,* for the respondents.

PER CURIAM :

Judgment affirmed, with costs, on the opinion of. INGRAHAM, J., delivered at Special Term.

Present — VAN BRUNT, P. J., O'BRIEN and FOLLETT, JJ.

Judgment affirmed, with costs.

The opinion of Judge INGRAHAM was as follows :

INGRAHAM, J. :

This action appears to have been brought for the purpose of having a judicial determination as to the powers and duties of the plaintiff under the order designating her as trustee under the trust declared in and created by the last will and testament and codicil thereto annexed of William Mulry, deceased.

All the facts alleged in the complaint having been admitted by the answers, the action was submitted upon briefs furnished by the counsel for the plaintiff and the guardian *ad litem* for the infant defendants.

Several questions are presented which are not discussed in the briefs submitted. It is proper at this time to pass upon one or two of the questions raised, as the contingency which will require an answer to the others may never happen. In the present condition of the authorities in this State, there seems to be some doubt as to the right of the court to appoint as a substituted trustee the bene-

ficiary of the trust. It has been held by the Court of Appeals that, where a trust is attempted to be created and the beneficiary, who is entitled to the beneficial interest in the trust, is created a trustee, no trust is, in effect, created, but that the person named as trustee and beneficiary takes the entire estate. (See *Woodward* v. *James*, 115 N. Y. 357; *Greene* v. *Greene*, 125 id. 512.)

It appears, however, that where others are interested as beneficiaries besides the trustee, a valid trust would be created. Thus in *Woodward* v. *James* (*supra*) the court says : " If then it be granted that as to her half of the income, the widow was not trustee, and took what was given to her by a direct legal right, it does not follow that her trust estate in the *corpus* of the property is in any manner destroyed, or that there is any the less a necessity for its existence. She can be trustee for the heirs, and that trust ranges over the whole estate, for the purpose of its management and disposition."

In this case, however, none of the trustees named in the will of the testator was a beneficiary, and a valid trust was, therefore, created. One of the persons named to act as trustee died before the testator, and the other two persons named refused to qualify as executors or to act as trustees, whereupon letters of administration with the will annexed were issued to the widow of the deceased, who was a beneficiary of a portion of the income of the trust property, and upon a subsequent application to the court an order was granted substituting the widow as trustee of the trust contained in the will. The widow subsequently died, and upon application to the court the plaintiff, a daughter of the deceased and a beneficiary as to one-half of the trust property, was substituted as trustee in her place.

It would appear that this case would come within the provision of 1 Revised Statutes (p. 730, § 68), that upon the death of the surviving trustee of an express trust, the trust, if then unexecuted, shall vest in the Supreme Court, with all the powers and duties of the original trustee, and shall be executed by some person appointed for that purpose under the direction of the court. And this appointment would be a designation, under the provision of that section, whereby the plaintiff was designated as the person to execute the trust under the direction of the court. This court held, at General Term, in the case of *People ex rel. Collins* v. *Donohue* (70 Hun,

325), that an order of the court designating a beneficiary to execute the trust was not void and could not be attacked collaterally.

The trust, with all the powers and duties of the original trustees, is now vested in the court, and it is to be executed under its direction.

It seems to me immaterial to determine whether or not the plaintiff has the legal title to the real estate, or whether it is in the heirs at law of the testator, or in the devisees; what is clear is, that the court is to execute the trust and has designated the plaintiff as its agent for that purpose.

The codicil materially changed the provision of the will as to the disposition of the trust estate. It is not difficult, however, to ascertain just what the testator intended by the execution of the codicil. By that codicil he gave the rest, residue and remainder of his estate to his trustees, in two equal shares or proportions, in trust to pay one-third of the net income of one share to his wife, and the remaining two-thirds of the net income of such share to his son, the defendant, William P. Mulry, during his life; and to pay one-third of the net income of the other share to his wife during her life, and the balance of the net income of such share to his daughter, the plaintiff, during her life. And he also gave to his trustees full power of sale. No disposition is made, by the codicil, of the remainder of the trust estate; but by the fourth clause of the codicil he provided that, except so far as the original will was not inconsistent with the codicil, the said will and every part thereof was ratified and confirmed.

This trust created by the codicil was a valid trust and vested the title of the trust estate in the trustees; and no trustees having qualified under the will, the trust, I think, vested in the Supreme Court, as before stated. The court, in the appointment of the plaintiff, has vested her with all the powers contained in the original trust, except the power of sale, and she is, therefore, now in the position of a trustee under the will, whose duty it is to rent the property, and invest the personal property and receive the income, rents and profits thereof, and, after paying the necessary taxes and assessments and other charges, to divide the net income into two parts, retaining one for herself and paying over the other part to her brother, who is the other beneficiary.

There is no provision that by any possibility could be construed into an authority to pay the taxes or assessments on the property out of the principal. The clause in the original will, which provided that in case the rents, income and profits of his property should not be sufficient for any of the purposes to which the same might be applied as aforesaid, then the executors were authorized to use such portions of the principal as might be necessary for such purpose, does not apply to this clause, because it nowhere appears that the testator intended that the income should support either of his children in any specified manner, although any amount of the income should be paid to the children. All that the trustee was directed to pay to them was the net income, which is the gross income after deducting the proper charges, namely, taxes, repairs and other necessary charges and expenses.

As before stated, the codicil makes no disposition of the remainder after the death of the life tenants. By the original will, however, the remainder is disposed of, and, under the provision of the codicil before stated this provision in the original will, so far as it is legal, is confirmed by the codicil. I think it clear, however, that the provision in the will whereby, on the death of one of his children, the property was to be held in trust for the surviving child, is void as suspending the power of alienation for more than two lives in being at the time of the death of the testator, for the effect would be that each share would be held in trust during the lifetime of his wife, and of the two children, to whom the income was payable, and after the death of one child, during the lifetime of the surviving child, which would be three lives in being, and thus void. That clause being void, however, would not invalidate the other trust under which the property was held during the lifetime of the two children. Nor is it necessary now to determine to whom the property would go in the contingency of one child dying without issue. It seems now that one of the children is married and has issue, and that the other child, the plaintiff, is unmarried. There is no presumption that the plaintiff will die without leaving issue, and, in the event of that happening, the person or persons living at the time of her death who would then be entitled to the share held by the plaintiff and to the ownership of the remainder of this share could be then more properly determined. In the case of both children

dying without issue the persons are clearly designated in the will to whom the remainder should then go.

I think the provision in the will allowing the executors to pay over any portion of the principal of the estate to the children was revoked by the codicil. Such a payment of the principal to the children is entirely inconsistent with the trust estate as created by the codicil, which, in express terms, provides that the whole of the net income of the trust estate shall be paid to the beneficiaries named therein during the lives of such beneficiaries. It would be clearly impossible to pay the whole income of the whole of this estate to the beneficiaries if a portion of the principal was paid to them.

It follows from what has been said that the power of sale is vested in this court, but, as in the order appointing the plaintiff she is expressly excluded from the exercise of that power, she can only exercise it upon obtaining further authority from the court. The power of sale contained in both the will and the codicil was not a mere naked discretionary power, but was given in connection with the trust estate as necessary for the proper performance of the trust, so that in case the property in which the estate was invested produced no income, or for any other reason, it would appear to be for the benefit of the estate that it should be sold, the trustees should have the power to sell it. It was thus the intention of the testator to vest this power of sale as a necessary incident to the performance of the trust by the trustees, and as such I think it passed to the substituted trustee. This is the position taken in *Lahey* v. *Kortright* (132 N. Y. 455).

This, I think, disposes of all the questions presented, which it is necessary now to decide, and judgment is directed construing the will in accordance with this opinion. The question of costs can be deferred until settlement of judgment.