WILLIAM A. BASSETT *vs.* DANIEL GRANGER & another, executors.

Under a bequest " to the heirs of my late husband and to my heirs equally," each class of heirs takes *per stirpes* one half of the sum bequeathed.

CONTRACT on this clause in Nancy Horton's will: "I give and bequeath all my personal property of every name and nature, after paying the foregoing legacies, to the heirs of my late husband and to my heirs equally."

At the trial in the superior court, before *Morton*, J., it appeared that Nancy Horton's heirs, at her decease, were: Sarah Horton, a sister; six children of a deceased brother, Nathaniel Bassett.

**of** whom the plaintiff was one; the only child of a deceased brother, Christopher Bassett; and the only child of a deceased sister, Sally Stover. It also appeared that the heirs of James Horton, her husband, who died before her, were, at her decease, nineteen nephews and nieces, children of his deceased brothers John, Nathaniel and Obadiah. And it appeared that the property bequeathed by the clause amounted to $2245.18; and that the defendants, as executors of the will, had paid to the plaintiff $45.84, free of internal revenue tax, being one twenty-fourth of one half of said sum.

The plaintiff contended that he was entitled to one ninth of one half; the defendants, that he was entitled to one twenty-fourth of one half. For the purposes of the trial, the judge, against the objection of both parties, ruled that the plaintiff was entitled to one twenty-eighth of the whole sum; and, after a verdict accordingly, reported the case for the determination of this court.

*C. Lamson*, for the plaintiff.

*C. A. Kimball*, for the defendants, was not called upon.

GRAY, J. The residuary bequest of Nancy Horton " to the heirs of my late husband and to my heirs equally," upon its manifest intention, and according to the authorities, was a bequest in equal shares to two classes, which might, and, as to that class to which the plaintiff belonged, in fact did, include persons in different degrees of descent, and by which therefore the plaintiff, and the class of which he was one, took *per stirpes* and not *per capita.* *Holbrook* v. *Harrington*, 16 Gray, 102. *Balcom* v. *Haynes*, 14 Allen, 205, and other cases there cited. As the plaintiff has already received his share according to this construction, there must be *Judgment for the defendants.*