## SUPREME COURT.

HENRY A. COSTER, as substituted trustee, &c., agt. CHARLES E. BULTER, executor, &c., and others.

*Will — construction of — In whom and in what manner trust fund vests.*

The testator gave a certain sum to his executors in trust to invest and apply the income to the use of his son Daniel during his life. After his death one-half of said sum was directed to be divided equally among such of the testator's children as might then be alive, and "the heirs or legal representatives of any children or child now or then deceased, except the heirs or representatives of said Daniel, share and share alike " In case Daniel's wife should survive him the other half was to be held for her benefit, and upon her death or remarriage it should be equally divided among such of the testator's children as might then be alive (except the heirs or representatives of his son Daniel), share and share alike, *per stirpes* and not *per capita :*

*Held,* that the trust fund in question, upon the death of Daniel, vested in testator's then living children, and the heirs or issue of his deceased children, *per stirpes* and not *per capita.*

*Special Term, June,* 1882.

*Coles Morris, Billings & Cardozo,* for plaintiff.

*Joseph H. Choate, Evarts, Southmayd & Choate* and *Benjamin F. Kissam,* for defendants.

LARREMORE, *J.* —The main contention in this action involves an interpretation of the words "heirs or legal representatives"

Coster agt. Butler.

as used in the sixth subdivision of the will of John G. Coster, deceased. By it the sum of $34,000 was given to his executors in trust, to invest the same in bonds and mortgages, productive real estate, stocks or other securities, and to apply the rent, interest or income thereof to the use of his son Daniel during his natural life for the support of himself and his family. After his death one-half of said sum, or the property or securities in which it shall have been invested, was directed to be divided equally among such of the testator's children as might then be alive, and "the heirs or legal representatives of any children or child now or then deceased, except the heirs or representatives of said Daniel, share and share alike."

In case Daniel's wife should survive him it was further directed that the executors should invest and hold the other one-half for her benefit, and upon her death or remarriage the same should be divided equally among such of the testator's children as might then be alive, and the heirs or legal representatives of any deceased child (except the heirs or representatives of his son Daniel), share and share alike, "*per stirpes* and not *per capita.*"

This subdivision of the will must be taken as an entirety and the context considered in deciding what was the testator's intention. If Daniel had survived his wife there can be no doubt but that the one-half of the trust fund reserved for her benefit would have been distributable *per stirpes*. And the inference is strong in like interpretation as to the estate that vested upon her husband's death. The language "share and share alike" must be construed with reference to this ultimate intention. There is no obvious reason for making a different distribution of each half of the same fund. Children and grandchildren are not in equal degrees of kinship, and the language that includes the latter in an equal distribution with the former must be clear and unequivocal.

It is evident that the words "heirs or legal representatives" were used by the testator not as words of limitation to define the nature and quantity of the estate devised or bequeathed,

but as meaning issue or descendents thereof (*Burtis* agt. *Doughty*, 3 *Brad.*, 287; *Parks* agt. *Parks*, 9 *Paige*, 107; *Hunt* agt. *Luquen*, 5 *Cow.*, 221; *Murphy* agt. *Harvey*, 4 *Ed. Ch.*, 131; *Drake* agt. *Pell*, 3 *Ed. Ch.*, 251; 2 *Jarman on Wills* [*5th Am. ed.*], 614, 649, 756–758).

The question then arises, whether the estate vested immediately upon the death of the testator or upon the death of his son Daniel. If immediately, then each legatee had an assignable interest in the trust fund; if no interest passed until the event last referred to, the plaintiff has no standing in court.

The whole trust fund was vested in the executors — in the one case during Daniel's life; in the other, until the death or remarriage of his wife. No distinct gift is made to the other children, except upon the distribution, when the fund in either case is to be "divided equally among such of my children as may then be alive, and the heirs and legal representatives of any children or child of mine now deceased, or which (at the time of testator's death) may then be deceased, except the heirs or representatives of the said Daniel."

The legatees had no beneficial interest in the income during the life estate, as in *Everett* v. *Everett* (29 *N. Y.*, 75).

It is reasonable to infer that by using the language "such of my children as may then be alive," and "the heirs or legal representatives" of such as were deceased, the testator intended that no estate should vest in the legatees of the trust fund until the termination of the life estate. Before that time it was not certain who would be the recipients of his bounty. Intervening his death and that of his son Daniel, a different class of persons (by death, marriage or birth) might succeed to the interests of those originally named.

Under such circumstances, it cannot be presumed that the testator intended to convey an immediate interest in the trust fund other than that given to his executors (*See* 2 *Jarman on Wills*, 406–411; *McGill* agt. *McMillan*, 23 *Hun*, 193).

I am thus led to the conclusion that the trust fund in ques-

tion, upon the death of Daniel J. Coster, vested in testator's then living children, and the heirs or issue of his deceased children, *per stirpes*, and not *per capita*, and that a distribution of such fund should be made accordingly.

The interlocutory judgment entered in this action was neither decisive nor conclusive as to the question herein submitted. A reference was ordered to take proof of facts, state the accounts of the trustees and report thereon. Such judgment was not a final adjudication of the rights of the parties, which could not be made until the coming in of the report, and a hearing of the exceptions filed thereto.

This has now been done, and a conclusion reached upon the whole case as presented.