## CHARLES T. S. TOWNSEND & others vs. FRANK A. TOWNSEND & others.

Suffolk.    January 28, 1892. — June 20, 1892.

Present: FIELD, C. J., HOLMES, KNOWLTON, MORTON, & LATHROP, JJ.

*Will — Devise of Remainder — "Families."*

A testator by his will provided that the remainder of his estate should be equally divided between the families of himself and his first wife and of himself and his second wife.  By his first wife, who had been dead many years, he had two children who survived him, H., who was also married and had two children, and C., who was unmarried.  H. and his wife and children were not living with the testator when the will was made or when the testator died, but formed one household by themselves.  By his second wife, who survived him and who waived the provisions of his will, pursuant to the Pub. Sts. c. 127, § 18, the testator had one child, F., who also survived him; and at the time of his decease, this wife and the child, who was unmarried, resided with the testator.  *Held,* that the testator did not use the word "family" in the sense of including only the persons actually living with him as part of his household at the time when the will was made, and that the residue was to be divided, one half to F., one fourth to H., and one fourth to C.

FIELD, C. J.  This is a bill in equity, for the construction of the will of John Townsend.  The will was executed on November 1, 1890, and the testator must have died soon after this, as the will was proved on July 17, 1891.  The testator had

been twice married. His first wife, Matilda, "died in the year one thousand eight hundred and forty-three," and by her he had two children, who survived him, namely, Henry H. Townsend and Caroline F. Townsend. Henry had married before his father's death, and his wife, Agnes, was living at that time, and they had two children, John and Gracy Townsend, who were living "with their parents as one household," both at the date of the will and at the time of the testator's death. Henry and his wife, with their children, were not living with the testator when the will was made or when the testator died, and at both these dates their children "derived their support from their father." In December, 1891, when the agreed statement of facts was filed, John was "about twenty years old," and Gracy "about seventeen years old." Caroline F. Townsend has never married, and "at the date of the will and time of the death of her father was living alone at Dorchester," Massachusetts. She must have been at least forty-seven years old when the will was made, as her mother died in 1843. The testator married a second time, and his second wife, Eliza Ann, survived him, and by her he had one son, Frank A., who also survived him, and "at the time of the decease of the said John Townsend, his wife, Eliza Ann Townsend, and his son, the said Frank A. Townsend, resided with the said John Townsend at his house in Brookline." They probably resided with him when the will was made, although this does not distinctly appear. Frank A. Townsend was of full age, and has never married. The widow, Eliza Ann Townsend, pursuant to Pub. Sts. c. 127, § 18, waived the provisions made for her in the will, and in her answer to the bill "claims nothing under the provisions of said will."

By the twelfth article of the will, the testator provided "that, after all my just debts and expenses and all the hereinbefore mentioned legacies have been fully paid, the remainder of my estate, if any, shall be equally divided between the families of John and Matilda and John and Eliza Ann Townsend." There is a large residue, and conflicting claims are made with respect to it upon the administrators with the will annexed of the estate. Frank A. Townsend contends that he is entitled to one half of the residue. Henry H. and Caroline F. Townsend contend that they are each entitled to one third of the residue.

The guardian *ad litem* of John and Gracy Townsend contends that the residue should be distributed *per capita* among Henry H., Caroline, John, Gracy, and Frank A. Townsend, one fifth to each; or, if the residue is divided, one half to the family of John and Matilda, and one half to the family of John and Eliza Ann, then the grandchildren of the testator, John and Gracy, are each entitled to one fourth of one half of the residue.

Disregarding small legacies, the general scheme of the will is that sixty thousand dollars is given in trust for the widow, the income to be paid to her; one hundred thousand dollars is given to Frank A. Townsend, and the same amount to Henry H. Townsend; forty-five thousand dollars is given in trust for Caroline F. Townsend, the income to be paid to her; and it is provided that " at her decease the amount held by the trustee or trustees shall be paid, one half to Henry Herbert Townsend, and the other half to Frank Albert Townsend, or their heirs." Small legacies are given to the grandchildren, John and Gracy Townsend. By the sixth and seventh articles small legacies are given to the brother of the testator, to his sister, to the son of a brother, to the widow of Joseph Townsend, and to the widow of William B. Townsend, whose relationship to the testator does not appear; and it is provided that " in case of the decease of the parties named in items 6 and 7, or either of them, then their proportions shall be equally distributed between the families of John and Matilda and John and Eliza Ann Townsend." The language of the will shows that it was not drawn by any person learned in the law.

The different meanings of the word " family " were discussed in *Dodge* v. *Boston & Providence Railroad*, 154 Mass. 299. See also *Bowditch* v. *Andrew*, 8 Allen, 339; *Poor* v. *Humboldt Ins. Co.* 125 Mass. 274; *Bates* v. *Dewson*, 128 Mass. 334; *Bradlee* v. *Andrews*, 137 Mass. 50; *Phelps* v. *Phelps*, 143 Mass. 570; *Marsh* v. *American Legion of Honor*, 149 Mass. 512. It is obvious that the testator did not use the word " family " in the sense of including only the persons actually living with him as a part of his household at the time when the will was made. His wife Eliza Ann and her son Frank A. were probably a part of his family in this sense of the word, but his children by his wife Matilda and their children were not. Still, in whatever sense he used

the word, we think that it is reasonably clear that he recognized that he had two families, one by his first wife, and one by his second, and that he intended to divide the residue equally between these two families as constituting two classes of distributees, each family constituting a class.   See *Holbrook* v. *Harrington*, 16 Gray, 102; *Balcom* v. *Haynes*, 14 Allen, 204; *Bassett* v. *Granger*, 100 Mass. 348; *Haskell* v. *Sargent*, 113 Mass. 341.

The remaining questions are, whether by the family of John and Matilda Townsend the testator meant their children, or all their descendants or issue, and whether, if he meant descendants, he also meant that the descendants should take *per stirpes* or *per capita*.   It was contended that by "family" the testator meant children, and it was also contended that if he meant children, then all the children of the two families should take *per capita*, and *Barnes* v. *Patch*, 8 Ves. 604, was cited.   We have already said, that, in whatever sense the testator used the word, and whether he used it in the same sense as applied to the two families or not, we think he regarded each family as constituting a separate class.   Whether in the family of John and Eliza Ann Townsend he included Eliza Ann has become immaterial, as she has waived the provisions of the will.   *Plympton* v. *Plympton*, 6 Allen, 178.   If, by the family of John and Matilda Townsend, the testator meant their children, then the grandchildren are excluded; if he meant their descendants or issue, or heirs living at his death, then, according to the principle of our decisions, we are of opinion that the grandchildren must also be excluded, as their father was then living, and the descendants, issue, or heirs would take by right of representation.   *Bassett* v. *Granger*, *ubi supra*.   *Hills* v. *Barnard*, 152 Mass. 67.   *Jackson* v. *Jackson*, 153 Mass. 374.

The result is, that the residue is to be divided, one half to Frank A. Townsend, one fourth to Henry H. Townsend, and one fourth to Caroline F. Townsend.

*So ordered.*

*E. C. Bumpus*, for the petitioners.

*C. T. Russell, Jr.*, for Frank A. Townsend.

*A. French & G. E. Cochrane*, for Henry H. & Caroline F. Townsend.

*F. E. Snow*, guardian *ad litem*, for the other respondents.