GEORGE L. ALLEN, administrator *de bonis non*, with the will annexed, *vs.* CAROLINE E. BOARDMAN & others.

Essex. November 9, 1906. — November 27, 1906.

Present: KNOWLTON, C. J., HAMMOND, BRALEY, SHELDON, & RUGG, JJ.

*Devise and Legacy. Words, "To share equally."*

A testator devised and bequeathed the residue of his estate "to the persons who at my decease are my heirs at law, such heirs at law to share the same equally." He left as his heirs at law a surviving sister, two nieces, who were the daughters of a deceased sister of the testator, and a grandnephew, who was the son of a deceased daughter of his deceased sister. The same persons would have been his heirs at law had he died at the date of his will. *Held,* that the distribution must be *per stirpes,* the testator's surviving sister receiving one half of the residue and each of the other three heirs receiving one sixth, the direction to share equally being given effect by applying it to the division between the classes of the testator's heirs.

APPEAL from a decree of the Probate Court for the county of Essex in a suit in equity brought by George L. Allen, administrator *de bonis non*, with the will annexed, of the estate of Charles H. Gould, late of Danvers, praying for instructions as to the distribution of the residue of the estate of that testator.

By his will the testator, after disposing by numerous bequests and devises of substantially all of his property, devised and bequeathed the residue of his property by the following clause of his will: "All the rest, residue and remainder of my property, real, personal, or mixed, to the persons who at my decease are my heirs at law, such heirs at law to share the same equally."

The only question was as to the meaning and intent of the testator under this clause of the will. The residue of the estate consisted of real and personal property.

The testator had, in his lifetime, two sisters, and at his decease left as his heirs at law an only surviving sister, Caroline E. Boardman, the appellant, and Mary E. Long and Caroline E. Denny, nieces, the daughters of his deceased sister Mary Ann Long, and Alanson L. Daniels, a grandnephew, the son of a deceased daughter of Mary Ann Long. The will was executed on December 30, 1898, and the testator died on October 13, 1900, and no change in the legal heirs or next of kin of the deceased took place between the date of the will and the decease of the testator.

The estate as inventoried amounted to $137,111, exclusive of a piece of real estate in Danvers specifically devised which by mistake did not appear in the inventory.

The administrator *de bonis non* stated in his petition that the residue of the estate for distribution under the clause in question amounted to $7,909.61. All the parties in interest appeared and filed answers.

The defendant Caroline E. Boardman alleged in her answer that the intention of the testator, under the terms of the will, was to give the residue of his estate to his heirs at law at his decease, determined by the statute of distribution, and that the residue should be divided into two equal parts between Caroline E. Boardman and the other heirs at law who were the descendants of her deceased sister, Mary Ann Long.

The answer of the defendants, Mary E. Long, Caroline E. Denny and Alanson L. Daniels, submitted their rights under the will to the decision of the Probate Court.

The judge of the Probate Court entered a decree ordering the administrator to distribute the rest and residue in the proportions of one fourth to each of the four heirs. The defendant Caroline E. Boardman appealed.

The appeal came on to be heard before *Hammond*, J., who reserved it for determination by the full court.

*J. M. Raymond,* (*H. E. Jackson* with him,) for Caroline E. Boardman.

*J. Smith, Jr.,* for Mary E. Long, Caroline E. Denny and Alanson L. Daniels.

Rugg, J. The testator, Charles H. Gould, after disposing in numerous bequests of a large part of his property, devised the residue in the following language: "All the rest, residue and remainder of my property, real, personal, or mixed, to the persons who at my decease are my heirs at law, such heirs at law to share the same equally." The testator had in his lifetime two sisters, and at his decease left as his heirs at law an only surviving sister, Caroline E. Boardman, two nieces, Mary E. Long and Caroline E. Denny, daughters of his deceased sister, and Alanson L. Daniels, a grandnephew, son of a deceased daughter of his deceased sister. The single question presented by the reservation is whether the remaining estate is to be distributed between these heirs at law *per capita* or *per stirpes.* No assistance as to the interpretation of the disputed clause cán be derived from the other provisions of the will.

It is a well recognized rule of testamentary construction that a devise to heirs "designates not only the persons who are to take, but also the manner and proportions in which they are to take." *Daggett* v. *Slack,* 8 Met. 450. This rule must prevail here, unless the words of the testator, "such heirs at law to share the same equally," indicate that a different disposition was intended. Words of this general description in wills have frequently been interpreted. In *Holbrook* v. *Harrington,* 16 Gray, 102, the language of the testator was "to be equally divided between the heirs of my late husband and the heirs of my brothers and sisters"; in *Houghton* v. *Kendall,* 7 Allen, 72,

"to pay over to the children who may be the surviving heirs of said Susan's body, to be divided in equal shares among them"; in *Balcom* v. *Haynes*, 14 Allen, 204, the devise was, "to my brothers, A., B., and C., and my sisters, D. and E., and the heirs of F., to be divided in equal shares between them"; in *Bassett* v. *Granger*, 100 Mass. 348, the language was, "to the heirs of my late husband and to my heirs equally"; in *Rand* v. *Sanger*, 115 Mass. 124, "I give, devise and bequeath to be equally divided among those persons who shall be my legal heirs at the time of my decease"; in *King* v. *Savage*, 121 Mass. 303, the devise was for the benefit of four children of a sister of the testator during their lives, "and upon the decease of either of them, the principal of his or her share shall be equally divided among the heirs at law of such deceased person"; in *Hall* v. *Hall*, 140 Mass. 267, the property was "to be equally divided among all such issue or children, share and share alike"; in *Cummings* v. *Cummings*, 146 Mass. 501, the testator provided for a division "equally between my blood relations of the degree which the law permits"; in *Townsend* v. *Townsend*, 156 Mass. 454, the testator directed a distribution equally between the families of himself and his first wife and himself and his second wife; in *Siders* v. *Siders*, 169 Mass. 523, the testamentary phrase was "in equal shares by right of representation" to certain named nephews and nieces; and in *Coates* v. *Burton*, 191 Mass. 180, the bequest was "to her lawful issue share and share alike." In all these cases, although not in all the substantive ground of decision, the words of the testator were said to indicate the intention to make a stirpital distribution.

It is impossible to draw any line of distinction in principle between the language used in the case at bar and that passed upon in the adjudications we have referred to. It may well be that the testator phrased his residuary clause in view of some of these decided cases, and intended thereby that his property should be divided with an equal regard to the rights of all his heirs at law as defined by the statute of distribution, or that equality of division among his heirs which the law provides. The words "to share the same equally" may be given effect by being applied to the division between the classes of his heirs, and not to that between the four individuals who constituted all

his heirs at law.  The administrator should be directed to distribute one half of the residue to the surviving sister, and one sixth each to the other three heirs.

*Decree of Probate Court reversed.*