MARY SEAVEY FAIRBANKS, Appellant from Decree of Judge of
Probate in the Estate of LYDIA H. RUGGLES.

Penobscot.   Opinion September 10, 1908.

*Wills.   Residuary Clause.   Construction.   Heirs.   Next of Kin.   Rules of Descent.
Revised Statutes, chapter 77, section 1, rule VI.*

When a testamentary gift is made to a class of persons, to take effect in
possession immediately, only those take who constitute the class at the
death of the testator, when the will becomes operative, unless a different
intention appears from the will, or from circumstances proper to be
considered.

The will of a testatrix contained the following residuary clause:   "All the
rest, residue and remainder of my estate I give devise and bequeath to my
heirs and the heirs of my late husband, Hiram Ruggles, those standing in
the same degree of relationship either to myself *of* said Hiram to share
alike according to the laws of descent in this State."

*Held :*   That the manifest intent of the testatrix was to divide the residue of
her estate into two equal parts, one part to go to her heirs and the other
part to go to her husband's heirs, and that the persons who are to take as
such heirs, and the proportions which they are to take, are to be deter-
mined "according to the law of descent in this State."

The said Hiram Ruggles died testate, leaving neither issue, father, mother,
brother nor sister, but the descendants of six deceased brothers and sisters.
*Held :*   That the persons entitled to the one-half of the residue devised to
his heirs "according to the laws of descent in this State" are determined
by Revised Statutes, chapter 77, section 1, rule VI, under which "it
descends to his next of kin in equal degree."

At the death of the testatrix there were living eleven nieces and nephews
and eight grandnieces and grandnephews of the said Hiram Ruggles.
*Held :*   That his "next of kin in equal degree" are his eleven nieces and
nephews living at the death of the testatrix and that they are to take the
one-half of the residue devised to his heirs, per capita and not per stirpes.

On report.    Decree of Judge of Probate affirmed.

Appeal from the decree of the Judge of Probate, Penobscot County, ordering distribution of the residue of the estate of Lydia H. Ruggles, deceased testate, as follows:   one-eighth thereof to each of the two sisters of the testatrix ;  one twenty-fourth thereof to each of her six nieces and nephews ;  one twenty-second thereof to each of the eleven nieces and nephews of Hiram Ruggles, the deceased husband of the testatrix.    The case came on for hearing at the April term 1908, Supreme Judicial Court, Penobscot County, at which time and by agreement of the parties it was reported to the Law Court, that court "to render such judgment as the law and the evidence require."

The case appears in the opinion.

*E. C. Ryder, and H. L. Fairbanks,* for appellant.

*Matthew Laughlin,* for heirs of Lydia H. Ruggles.

SITTING :   SAVAGE, PEABODY, CORNISH, KING, BIRD, JJ.

KING, J.    Lydia H. Ruggles devised and bequeathed the residue of her estate in the following language :

"All the rest, residue and remainder of my estate I give, devise and bequeath to my heirs and the heirs of my late husband, Hiram Ruggles, those standing in the same degree of relationship either to myself *of* said Hiram to share alike according to the laws of descent in this State."

The testatrix died in November 1905 leaving surviving her two sisters, also a niece and two nephews, children of a deceased brother, and three other nieces, children of another deceased brother. Hiram Ruggles died in May 1889, testate, leaving neither issue, father, mother, brother nor sister, but the descendants of six deceased brothers and sisters.    At the time of the death of testatrix there were living eleven nieces and nephews, and eight grandnieces and grandnephews, whose parents were deceased, of Hiram Ruggles.

Upon petition for order of distribution of the residue of the estate the Judge of Probate decreed 1-8 thereof to each of the two sisters of testatrix, 1-24 to each of her said six nieces and nephews ;  and 1-22 to each of the eleven nieces and nephews of Hiram Ruggles.

From this decree Mary Seavey Fairbanks, a grandniece of Hiram Ruggles, appealed, assigning as reasons therefor : (1) That the residue of the estate should not be divided equally between the heirs of the testatrix and the heirs of Hiram ; (2) that the heirs of Hiram should not be determined as of the date of the death of the testatrix but of the date of his death; (3) that the heirs of Hiram were not his nephews and nieces to the exclusion of his grand-nephews and grand-nieces whose parents were deceased ; (4) that the heirs of Hiram should not take per capita but per stirpes.

The case is reported to this court for determination.

The chief question presented is, whether the testatrix in the residuary clause of her will made a devise to her heirs and the heirs of her husband as individuals to take per capita, or a devise in equal parts to her heirs and to his heirs as two classes.

In *Daggett* v. *Slack*, 8 Met. 450, Shaw, C. J., states the rule thus : "A devise to heirs, whether it be to one's own heirs, or to the heirs of a third person, designates not only the persons who are to take, but also the manner and proportions in which they are to take ; and that, when there are no words to control the presumption of the will of the testator, the law presumes his intention to be, that they shall take as heirs would take by the rules of descent." In *Lord* v. *Bourne*, 63 Maine, 368, it is held that a devise or bequest to the "heirs" of an individual without addition or explanation vests the property in the persons who would take it in case of intestacy under the laws of descent and distribution. See also *Talcott* v. *Talcott*, 39 Conn. 186 ; *Woodward* v. *James*, 115 N. Y. 359 ; *Richards* v. *Miller*, 62 Ill. 417 ; *Holbrook* v. *Harrington*, 16 Gray, 102 ; *Bassett* v. *Granger*, 100 Mass. 348 ; *Townsend* v. *Townsend*, 156 Mass. 454 ; *Allen* v. *Boardman*, 193 Mass. 284.

In the residuary clause of her will the testatrix devised the residue of her estate "to my heirs and the heirs of my late husband, Hiram Ruggles." Those words, without addition or explanation, would be construed, according to the well recognized rules of testamentary construction, and the authorities, as a devise in equal parts to two classes, the persons who are to take and the manner and proportions in which they are to take under each class to be determined by the

rules of descent.   Do the added words "those standing in the same degree of relationship either to myself *of* (or) said Hiram to share alike according to the laws of descent in this state" indicate a different intention of the testatrix?   We think not.   On the contrary those words make it manifest that the testatrix did not intend for her heirs and the heirs of her husband to take equally as individuals, because she expressly provides that they are to share "according to the laws of descent in this state," a provision that cannot be complied with if they are to share equally, per capita.

But granting that the laws of descent are not to be disregarded, it is suggested that the words "those standing in the same degree of relationship either to myself *of* said Hiram to share alike" indicate an intention of the testatrix to dispose of the residue of her estate to her heirs and Hiram's heirs as if they were all her heirs but "according to the laws of descent in this State."

Giving that interpretation to the language it will be found that the result suggested by the literal meaning of the words "to share alike" can in no sense be realized, for in such case the nieces and nephews of Hiram, representing different branches of his family, would take shares differing widely in amount.   Under one branch of Hiram's family a niece would take one-sixtieth, while under another branch a niece would take one-tenth, being the same share that a sister of the testatrix would take under that interpretation.

No reason appears why the testatrix should prefer her husband's relatives, so that one of his nieces or nephews should receive as large a share as her own sister.   Such a disposition of property is unnatural and not in accord with family ties and affections.   We do not think the testatrix so intended.   The language used does not require such construction.

A careful examination of the whole residuary clause of the will satisfies us that the manifest intent of the testatrix was to divide the residue of her estate into two equal parts, one to go to her heirs and the other to her husband's heirs, and that she used the words "those standing in the same degree of relationship either to myself *of* said Hiram to share alike according to the laws of descent in this State" to make plain her intent that no one of her heirs was pre-

ferred over another standing in the same degree of relationship to her, and likewise that no one of Hiram's heirs was preferred over another standing in the same degree of relationship to him, but that all of her heirs on the one side and Hiram's heirs on the other were regarded by her impartially and were "to share alike," without distinction or discrimination, "according to the laws of descent in this State."

It is a well settled general rule that when a testamentary gift is made to a class of persons, to take effect in possession immediately, only those take who constitute the class at the death of the testator, when the will becomes operative, unless a different intention appears from the will, or from circumstances proper to be considered. *Howland* v. *Slade*, 155 Mass. 415; *Smith* v. *Smith*, 186 Mass. 138; *Worcester* v. *Worcester*, 101 Mass. 128, 132; *Campbell* v. *Rawdon*, 18 N. Y. 412; 1 Jarman on Wills, 286, 287. This rule must be applied in the case at bar. No question is raised as to the persons entitled to share as the heirs of the testatrix.

Hiram Ruggles left neither issue, father, mother, brother or sister, consequently the persons entitled to the one-half of the residue devised to his heirs "according to the laws of descent in this State" are determined by R. S., c. 77, sec. 1, rule VI, under which "it descends to his next of kin in equal degree."

At the death of the testatrix there were living eleven nieces and nephews, and eight grandnieces and grandnephews, of Hiram Ruggles. But his grandnieces and grandnephews, not being related to him in equal degree with his nieces and nephews, are not entitled to share under rule VI. Accordingly his "next of kin in equal degree" are his eleven nieces and nephews living at the death of testatrix, and they are to take the one-half of the residue devised to his heirs, per capita and not per stirpes. *Davis* v. *Stinson*, 53 Maine, 493.

The decree of distribution appealed from conforms in all respects with the construction of the residuary clause of the will as herein determined, and the entry must be,

*The decree of the Judge of Probate affirmed with costs.*