calling upon him to defend, and there are many indications that it did do so. For the reasons stated, the judgment against Bennett was binding upon the bank, and, if it did not give notice to the trustee, at least that is no reason why the judgment should now be reversed.

To reverse the judgment now would be to promote and encourage the abuse pointed out in the dissenting opinion of Haight, J., in the Steinbach Case, and the case at bar does not present by any means the same reasons which controlled the majority of the court in the Steinbach Case. There has been a thorough trial of the action upon the merits. The plaintiffs never refused to join the trustee so as to make the judgment in form binding upon him, since no proper application was ever made. They should not be deprived of the relief to which, upon the record before us, they are clearly entitled, simply because the judgment may affect the rights of other parties which could properly have been determined in this action, when such other parties had notice of the action and apparently acquiesced in its trial upon the merits, and no steps were taken to have them made parties.

I think the judgment should be affirmed.

---

### BAYLEY v. LAWRENCE et al.

(Supreme Court, Appellate Division, First Department. June 18, 1909.)

1. WILLS (§ 506*)—CONSTRUCTION—BENEFICIARIES—"HEIRS."

Testatrix gave all her estate to two sisters for life, with remainder to the children of the sisters and a brother, or to their heirs in case of the death of any of the children before the survivor. *Held*, that the word "heirs" referred only to children, and did not include the widow of a nephew dying before the surviving sister; the word "heirs" when applied to succession of personalty meaning next of kin, and, when applied to real estate, meaning persons so related to one by blood that he would take the estate in case of intestacy.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 1090–1099; Dec. Dig. § 506.*

For other definitions, see Words and Phrases, vol. 4, pp. 3241–3264; vol. 8, pp. 7677, 7678.]

2. WILLS (§ 506*)—CONSTRUCTION—ESTATES DEVISED.

Testatrix gave all her property to her two sisters for life, with remainder to the children of the sisters and a brother, or to the heirs of any of the children in case of death before the survivor. *Held*, that the widow of a nephew dying before the surviving sister took no title to the realty, because that title never vested in the nephew indefeasibly, because his title was divested by his death.

[Ed. Note.—For other cases, see Wills, Dec. Dig. § 506.*]

3. WILLS (§ 525*)—CONSTRUCTION—RELATIONSHIP OF BENEFICIARIES.

Where the beneficiaries in a will are of different degrees of relationship, the presumption ordinarily is that the two classes should not be benefited equally, unless the intention to do so can be clearly gathered from the will.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 1129–1139; Dec. Dig. § 525.*]

4. WILLS (§ 533*)—CONSTRUCTION—BENEFICIARIES.

Testatrix gave all her property to her two sisters for life, with a remainder, on the death of the survivor, to the children then living of the

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

sisters and their brother, "or to the heirs of either or any of them in case they or either or any of the said children should die before such survivor," to be equally divided per capita. The quoted words were added by the draftsman after the will had been engrossed. At the time of the execution of the will, testatrix had two sisters and a brother, and nephews and nieces, but no grandnephews or grandnieces. *Held*, that the distribution per capita referred to a distribution among the nieces and nephews only, with a substitutional gift of the share of any deceased nephew or niece to his or her issue.

[Ed. Note.—For other cases, see Wills, Dec. Dig. § 533.*]

Appeal from Special Term, New York County.

Action by Sarah Bayley against Richard Lawrence and others for the construction of the will of Mary E. Bayley, deceased. From a judgment construing the will, defendants appeal. Affirmed.

The following is the opinion of Mr. Justice Dowling in the court below:

Mary E. Bayley died in the city of New York on the 27th day of December, 1889, leaving a will executed July 20, 1867, with a codicil thereto executed April 27, 1868, which were duly admitted to probate by the surrogate of the county of New York March 13, 1890. She left her surviving two sisters, one brother, and certain nephews, nieces, grandnephews, and grandnieces. At the time of the execution of the will and codicil her next of kin consisted of two sisters, a brother, two nephews, and a niece. This action is brought to obtain a construction of the decedent's will upon two specific points, and the paragraph of the will which calls for construction is one which was altered after the engrossing thereof and before its execution. This paragraph is as follows; the words inserted being underscored: "I do hereby give, devise and bequeath to my sisters, Magdalena Bayley and Anna B. Bayley, all my estate, real and personal, of which I shall die seized or possessed, or to which I may be entitled or in which I may be interested at the time of my death, to have to hold to them for and during their joint lives, share and share alike; and upon the death of either of them I do hereby give, devise and bequeath all my said estate, real and personal, to the survivor of them for and during her natural life, and upon the death of such survivor I do hereby give, devise and bequeath all my said estate, real and personal, to the children who may then be living of my sisters, Josephine Bayley Lawrence and Ellen Eliza Halsey, and of my brother, Joseph Bayley, *or to the heirs of either or any of them in case they or either or any of the said children should die before such survivor* to have and to hold to them, their heirs and assigns forever and to be equally divided between them, share and share alike, *per capita* and not *per stirpes*."

The questions to which the opinion of the court is sought are: (1) Who are included in the word "heirs," used in the portion of the will quoted, and, more specifically, does Elizabeth W. Lawrence, the surviving wife of Joseph Bayley Lawrence, a deceased nephew of testatrix, take any interest in her property under the gift to the "heirs" of said Joseph Bayley Lawrence? (2) Do the "heirs" of the deceased children of the Josephine Bayley Lawrence, Ellen Eliza Halsey, and Joseph Bayley, referred to in the will of Mary E. Bayley, take each a share equal to the shares of the surviving children of the parties named, or do the "heirs" of deceased children of the persons named take only the shares that their father or mother would have taken if they had survived Anna B. Bayley, the surviving life tenant under the will of Mary E. Bayley? More specifically, inasmuch as only two of the nephews and nieces of the testatrix to whom interests were given under the will have died (that is, Joseph Bayley Lawrence and Joseph B. Halsey), the question is whether the children of Joseph B. Halsey and Joseph Bayley Lawrence, who survived Anna B. Bayley, the surviving life tenant, will each take a share in the estate of their grandaunt, Mary E. Bayley, equal to the share taken by Isabella L. Beekman and the other surviving nephews and nieces of the testatrix. As to the first

question, I am of the opinion that as to both realty and personalty the word "heirs," as used in this will, refers only to the children of Joseph Bayley Lawrence and of Joseph B. Halsey, and excludes the widow of Joseph Bayley Lawrence. The case of Tillman v. Davis, 95 N. Y. 17, 47 Am. Rep. 1, is authority for the proposition that as to personalty the word "heirs" when used in that connection and when applied to the succession of personal estate means "next of kin," and that these words do not include a widow of an intestate. As to realty, the primary meaning of the word "heirs" is the persons related to one by blood, who would take his real estate if he died intestate. The widow does not come within this definition, nor did she ever acquire any right of dower in the realty, for the reason that the title to the real property never vested in her husband indefeasibly, as his title (such as it was) was divested by his death before the surviving life tenant under the will had died. As to the second question, it may at the outset be said, as a proposition of general application, that, if beneficiaries under a will be of different degrees of relationship, the presumption ordinarily is that the two classes should not be benefited equally unless the intention to do so can be clearly and unequivocally gathered from the instrument itself.

So in Clark v. Lynch, 46 Barb. 68, 81, the court said: "In construing wills, the courts take notice of the natural relations in which the testator stands to the objects of his bounty, and of the mode in which the law would dispose of the estate in case he had died without indicating his purposes, and thus they will interpret the will by the consideration and legal dispositions, unless such interpretation should be overcome by extrinsic facts clearly existing and obvious to the mind of the testator, or by the explicit and unmistakable terms of the will." In Matter of Griswold, 42 Misc. Rep. 230, 232, 86 N. Y. Supp. 250, 251, the court said: "Accordingly it has been held that a gift to a person described as standing in a certain relation to the testator and to the heirs of another person standing in the same relation to him imports an intention on the part of the testator that the person named and described shall take per stirpes; while the general rule is that a gift to a person described as standing in a certain relation to the testator and to the children of another standing in the same relation imports an intention that the legatees shall take per capita." So, also, in Woodward v. James, 115 N. Y. 346, 22 N. E. 150, the question arose as to whether the children of a deceased brother took per capita with the surviving brothers of the testator, and the court said: "This testator knew there was a vast difference in the relationship to him of his heirs. He had a brother living. His brother Reuben, who was dead, left seven children. Did the testator mean that each of these should take as much of his estate as his living brother, and so that one brother through his descendants should take seven times as much as the brother living? If he intended such a discrimination, we should expect to find some decided manifestation of it." The court found no such intention, and therefore held that the children of the deceased brother took only by representation. This decision to the effect that the children of the deceased brothers and sisters would not take equal shares with brothers and sisters who survived the testator, unless there was some decided manifestation of this intention on the part of the testator, was developed and restated in the case of Coster v. Butler, 63 How. Prac. 311. In this case the testator left one-half of his estate, or the property or securities in which it should be invested, with directions to be divided equally among such of the testator's children as might "then be alive, and the heirs or legal representatives of any children or child, now or then deceased, except the heirs or representatives of such Daniel, share and share alike." The court stated the rule as follows: "Children and grandchildren are not in equal degrees of kinship, and the language that includes the latter in an equal distribution with the former must be clear and unequivocal." This rule in the form in which it is stated in the case cited above was restated in Train v. Davis, 49 Misc. Rep. 162, 98 N. Y. Supp. 816. A child of a deceased child of one of the life tenants claimed to take per capita with the surviving children of said life tenant under a trust deed made by the life tenant's father. The gift was in equal shares "to the children" of the life tenant. The court said: "If the word 'children' were held to embrace grandchildren, it would result under the direction in the deed that they share equally in permitting

grandchildren however numerous to take equally with children per capita, and not per stirpes, a design which should not be imputed to the creators of the trust in the absence of direct and unequivocal language."

In the case at bar there is nothing in the circumstances surrounding the testatrix at the time she made her will to indicate any intention on her part to provide for her grandniece and grandnephews equally with her surviving nieces and nephews. As a matter of fact, no one of the grandnephews or grandnieces was in existence at the time of the execution of either the will or the codicil. That this is a proper fact to take into consideration in construing a will was declared in the Matter of Keogh, 112 App. Div. 414, 98 N. Y. Supp. 433. A reading of the will in question in the form in which it was drawn, and in the form in which it was finally executed, clearly shows what was sought to be done by the addition. When the will was engrossed, the concluding words, "To have and to hold to them, their heirs and assigns forever, and to be equally divided between them, share and share alike, per capita and not per stirpes," were intended to apply, and did apply, only to nephews and nieces, and such provision was provided for because they were all of an equal degree of consanguinity with decedent, but evidently it occurred to the draftsman of the will that in case any nephew or niece should die, leaving issue, before the expiration of the last life estate, such issue would take nothing—an evidently unfair situation. And so the clause heretofore underscored was added to provide for such an emergency. While fully realizing that the function of the court is to construe and not construct a will, yet I am satisfied that with a purpose so plainly apparent (to provide for the issue of a deceased nephew or niece sharing in the distribution of the estate) that purpose cannot be either fairly, properly, or reasonably extended so as to give the grandnephews or grandnieces a per capita share with the nieces or nephews. Such a result would be extremely inequitable. Had the underscored words in question been bracketed, the clause would read as follows: "I do hereby give, devise and bequeath all my said estate, real and personal, to the children who may then be living of my sisters, Josephine Bayley Lawrence and Ellen Eliza Halsey, and of my brother Joseph Bayley [or to the heirs of either or any of them, in case they, or either, or any of said children should die before such survivor], to have and to hold to them, and their heirs and assigns forever, and to be equally divided between them, share and share alike, per capita and not per stirpes." It appears to me that in this form there would be but little question that the distribution per capita and not per stirpes referred to such a distribution among the nieces and nephews only with a substitutional gift of the share of any deceased nephew or niece to his or her issue. The sense of the words is not altered by the fact that the brackets do not appear in the will, as they are clearly separated from the context in the original will. Such a construction appears to me to be the natural and proper one to be applied in view of all the facts in this case. I am of the opinion, therefore, that the children of Joseph Bayley Lawrence and Joseph B. Halsey, who survived Anna B. Bayley, succeed only to the respective share of their deceased parents, and do not share per capita with the surviving nephews and nieces.

Let decision and judgment accordingly be submitted.

Argued before INGRAHAM, McLAUGHLIN, CLARKE, HOUGHTON, and SCOTT, JJ.

W. P. Williams, for appellants.
A. P. Bachman, for respondent.

PER CURIAM. Judgment affirmed, with costs to the respondent and to the guardian ad litem, payable out of the estate, on the opinion of Mr. Justice Dowling in the court below.

Settle order on notice.