T. Selden Jones, *Administrator, etc. v.* Maud Hargrove Hudson *et al.*

(No. 9096)

Submitted September 4, 1940. Decided December 14, 1940.

*Wellford & Taylor, C. W. Freeman* and *Henry Simms,* for appellant.

*Fitzpatrick, Brown & Davis,* for appellees.

MAXWELL, JUDGE:

This proceeding was brought in the Circuit Court of Cabell County by T. Selden Jones, administrator with the will annexed of the estate of Rosa Sutphin Thompson, who died without issue, for the purpose of ascertaining the meaning of the testatrix' holographic will.

The disagreement involved in this appeal arises from the trial court's construction of the residuary clause of the will.

All of the possible parties in interest were before the court, and, after a complicated irregularity that has become inconsequential, a consent decree was entered which disposed of eighteen twenty-firsts of the estate.

Maud Hargrove Hudson, the only living sister, who received one twenty-first by reason of the terms of the consent decree, advances in this proceeding the contention that under the residuary clause she should take four twenty-firsts (made up of the 1/21 she has already received and the 3/21 held for decision) as a *per stirpes* bequest. Robert F. Hudson, Jr., Elizabeth Hudson Sherrod and Virginia Jones Kendall contend that the residuary clause is a *per capita* disposition and that they, together with their mother, Maud Hargrove Hudson, should take equal parts in the four twenty-firsts of the testatrix' estate. This is the sole question left open by the consent decree and submitted to the trial chancellor for adjudication.

By final decree the court held that the residuary clause constituted a *per capita* disposition. Maud Hargrove Hudson appealed, and her three children are the appellees. The consent decree, previously entered, had fixed the ownership of the undistributed three twenty-firsts as being in the appellant and the appellees as their interests therein should be adjudicated.

The will, the effect of which is to be determined as to the three twenty-firsts of testatrix' estate undisposed of by the consent decree, reads as follows:

"Want my body to be taken to Richmond, Va., and placed by Capt. Sutphin. All my just debts to be paid. Give to Mr. Thompson the home 1401 Third Avenue and all the furniture in fee simple—My clothes given to my people. My dinner Ring give to Maud Dabney, Solitaire to Columbia, Ring with several stones Maud Hudson, Necklace my niece Mary Hargrove, pin to Mary Booth, watch to Eva Pemberton—Give my Sister Mary, Sister Maud, Maud Dabney, niece Mary Hargrove and Ellison Harvey each a thousand dollar Government Bond—Sell and divide equally all my stock, real estate, etc., except my nephew George Booth give him fifty dollars."

The named beneficiaries and their relationship to testatrix are as follows: Mr. Thompson is Robert T. Thompson, testatrix' surviving husband; Maud Dabney, a daughter of a deceased brother; Columbia Hargrove, the daughter of another dead brother; Maud Hargrove Hudson, a sister and appellant; Mary T. Hargrove, the daughter of a deceased brother; Mary Booth Powell, the daughter of Nellie Booth, a deceased niece of testatrix; Eva Pemberton, the daughter of a deceased brother; testatrix' "sister Mary", a sister-in-law; William Ellison Harvey, a nephew, and George Booth, a nephew. There were several nephews and nieces other than those named in the will.

No dispute of facts is involved.

For reasons sufficient unto the testatrix she did not desire that George Booth participate in the distribution of the residuum of her estate. If he had not been cut off with a bequest of fifty dollars, he would have been entitled to a distributive share, whether the division be *per stirpes* or *per capita*. So, in our opinion, the special mention of Booth for the sole purpose of elimination does not throw light on the question of the intent of the testatrix respecting the basis of distribution.

Having regard to the different degrees of relationship of those benefiting from her bounty, the language "divide

equally" cannot reasonably be taken to mean that grandnieces should share equally with a sister—such would be the result *per capita*. Circumstances considered, the direction for equal division should be construed to require a distribution in conformity with the law of intestacy, that is to say, equally in accordance to stocks; and not an unnatural distribution "by the head." Where beneficiaries are of varying degrees of relationship, a bequest to them, at large, should not be interpreted to mean that each shall share equally with every other one, unless the wording of the will clearly indicates such intention on the part of the maker of the instrument.

The requirement, "Sell and divide equally all my stock, real estate, etc." means, of course, "sell all my stock, real estate, etc., and divide the proceeds (money) equally." Equally among whom? Among her distributees, necessarily. Who are her distributees? The statute points them out. A testamentary direction for division of money among distributees involves a proposition closely analogous to a devise of land to heirs or to descendants.

In all the cases which have come to our attention in this connection, whether there be involved realty or personalty, or both, the courts have favored a *per stirpes* basis of division. *Bayley* v. *Lawrence*, 133 App. Div. 888, 118 N. Y. Supp. 286; *Townsend* v. *Townsend*, 156 Mass. 454, 31 N. E. 632; *Roome* v. *Counter*, 6 N. J. L. 111, 10 Am. Dec. 390; *Coates* v. *Burton*, 191 Mass. 180, 77 N. E. 311. In *Clark* v. *Lynch*, 46 Barb. N. Y. 68, 81, the court declared: "In construing wills, the courts take notice of the natural relations in which the testator stands to the objects of his bounty, and of the mode in which the law would dispose of the estate in case he had died without indicating his purposes; and thus they will interpret the will by these considerations and legal dispositions, unless such interpretation should be overcome by extrinsic facts clearly existing and obvious to the mind of the testator, or by the explicit and unmistakable terms of the will."

For the reasons set forth we are of opinion that the circuit court's decree was erroneous. Therefore we reverse

the decree and remand the cause for further proceedings not at variance herewith.

*Reversed and remanded.*

KENNA, JUDGE, concurring:

I am in accord with the opinion of the majority to the effect that it was evidently not the purpose of the testatrix to form a residuary class the members of which should receive a *per capita* distribution and that the decree below should therefore be reversed. I cannot, however, agree that the intention of the testatrix in this matter is to be arrived at by indulging in the presumption that, where the contrary does not appear, the purpose of the maker was to conform to the statutory disposition for the simple and, to my mind, sufficient reason that one of the named beneficiaries included in the residuary class is shown to be a sister-in-law of the testatrix. If it was the purpose of the testatrix to dispose of the residue of her estate in accord with the statute, her sister-in-law would be excluded and yet she is plainly intended to be a member of the class.

I am of the opinion that the holographic will of an elderly woman layman, when read in the light of surrounding circumstances, as a matter of fact, seldom may be said to contemplate following the statute of descents and distributions, not as to determining the legatees, but in making the distinction between a *per capita* and a *per stirpes* distribution. I believe that a slight presumption that the testatrix' purpose was to dispose of her estate in accord with the statute, is plainly overcome by the fact that those named in the provision under consideration as a class of beneficiaries, as such do not conform to the statute for the reason that among beneficiaries related by consanguinity there is also named a beneficiary related by marriage. The testatrix' purpose to have her residuary estate distributed *per stirpes* in accord with the statute, I think, cannot be presumed due to the fact that the bene-

ficiaries named in the same provision form a class which plainly conflicts with the statutory method of distribution. I am of the opinion that the residuary provision is too indefinite to be enforceable.