IN THE MATTER OF THE ESTATE OF SARAH E. ADKINS, DECEASED.

*Orphans' Court, Sussex, October 4, 1947.*

CAREY, J., sitting.

*James M. Tunnell, Jr.*, of the firm of Tunnell & Tunnell, for Richard C. Baker and John H. Baker, executors and beneficiaries under the will of Sarah E. Adkins.

*Howard W. Bramhall,* for Margaret Ellen Pettit, Sarah Lannia Zimmerman, Virginia Blanche Dilks, Edith Pauline Haelle, Helen Dorothy Schlater and Bertha May Waples, children of Lavinia Baker Layton, respondents.

PETITION of Richard C. Baker and John H. Baker, executors of Sarah E. Adkins, deceased, for decree of distribution.

CAREY, Judge:

The jurisdiction of the Orphans' Court to hear and determine applications of this nature was conferred by *Volume* 42, *Laws of Delaware, Chapter* 143, which is discussed somewhat in *Glanding v. Industrial Trust Co.,* 28 *Del. Ch.* 499, 45 *A.* 2d 553, *and In re Harris' Estate,* 28 *Del. Ch.* 590, 44 *A.* 2d 18. Clearly, this court must have

authority to construe a will in order to carry out the duties imposed by this statute.

On behalf of the children of Lavinia Layton, it is contended that a *per capita* distribution is required. It is argued that the word "heirs," when used in conjunction with the phrase "to be divided equally," really means "children;" that the will, properly construed, actually treats all the beneficiaries as individual legatees and none as members of a class. Great reliance is placed upon *Kean's Lessee v. Hoffecker,* 2 *Har.* 103, 29 *Am. Dec.* 336, which was decided by the former Court of Errors and Appeals.

The two sons, on the other hand, contend that the will requires a *per stirpes* division. On their behalf, it is argued that the will makes a personal gift to them as individuals and to the heirs of Mrs. Layton as a class. It is urged that the word "heirs" must here be given its technical meaning and that *Kean's Lessee v. Hoffecker* is not controlling, since the will there considered expressly described each of the various devisees by name.

In *Kean's Lessee v. Hoffecker, supra,* the court had before it a will which, as interpreted by the court, named several individual devisees and used the words "Equally to be divided." The court ordered a *per capita* division for two reasons: (1) "whenever property is devised to children and grandchildren, or to brothers and sisters and nephews and nieces, to be equally divided between them, and the devisees are *individually named,* they take *per capita* and not *per stirpes;*" (2) "the settled legal construction of the words *equally to be divided,* when used in a will, is to cause an equal division of the property *per capita* and not *per stirpes,* whether the devisees be children and grand-children, brothers or sisters and nephews and nieces, or strangers in blood to the testator." In connection with the last mentioned principle, the court pointed out that the words in question have a technical meaning; that the testator is presumed to have understood and used them in

their established legal sense unless the contrary satisfactorily appears; and that the legal operation of such words thus used must prevail.

There is another phrase in this will, however, which calls for consideration, namely, "heirs of Lavinia Baker Layton." It is true that the word "heirs" sometimes means "children"; in fact, it is often interpreted to mean "next of kin", "issue" and various other things. 19 *Words & Phrases, (Perm. Ed.)* 201. The general rule in Delaware is set forth in *Mason v. Baily,* 6 *Del. Ch.* 129, 14 *A.* 309. "The Word 'heirs' unexplained by the context will be held to mean the persons appointed by law to succeed to the estate in case of intestacy." This case stands for the proposition that the term has a technical meaning and it is presumed that the testator used it in that technical sense in the absence of some conflicting expression. When the word is used in a bequest of personal property, it is said to describe the persons who take as *persona designata.* The holding of *In re Nelson's Estate,* 9 *Del. Ch.* 1, on page 21, 74 *A.* 851, 8 *L.R.A.* 337, is consistent with this rule. In that case the court was talking about a substitutional gift of personalty to "heirs" and said that it meant those people who would be entitled to the personal estate of the deceased legatee for whom substitution is made.

We are thus faced with an ambiguity. "Heirs" implies a class and is a technical word to be given its technical meaning in the absence of anything contrary in the will. On the other hand, "to be equally divided" is a technical term implying *per capita* distribution and is to be given its technical meaning in the absence of anything contrary in the will. Which term shall prevail over the other? This question is difficult to answer, and courts have struggled with it in a multitude of cases which will be found annotated in 16 *A.L.R.* 15; 31 *A.L.R.* 799, 78 *A.L.R.* 1387; and 126 *A.L.R.* 158.

The contention of the children of Mrs. Layton is supported by very reputable authority, such as *Parker v. Fox-*

*worthy,* 167 *Iowa* 649, 149 *N.W.* 879; *Guesnard v. Guesnard,* 173 *Ala.* 250, 55 *So.* 524; *McFatridge v. Holtzclaw,* 94 *Ky.* 352, 22 *S.W.* 439; *Peoples Nat. Bank of Greenville v. Harrison,* 198 *S.C.* 457, 18 *S. E. 2d* 1. Those cases follow what has been called the English rule which prescribes a *per capita* division when there is a gift to "heirs" followed by a direction for dividing "equally" or "share and share alike." That rule has met with considerable disapproval in this country and has been criticised even by some of the courts which follow it. Many American authorities have adopted the opposite view, especially where the beneficiaries do not all stand in the same relation to the testator. These courts point out that the words "to be divided equally" can mean an equal division among classes as well as among individuals and, when used in conjunction with another term signifying representation, they should be given that meaning. *MacLean v. Williams,* 116 *Ga.* 257, 42 *S.E.* 485, 59 *A.L.R.* 125; *Kelley v. Vigas,* 112 *Ill.* 242, 54 *Am. Rep.* 235; *In re Hoch's Estate,* 154 *Pa.* 5417, 26 *A.* 610; *Allen v. Boardman,* 193 *Mass.* 284, 79 *N.E.* 260, 118 *Am. St. Rep.* 497; *Jones v. Hudson,* 122 *W. Va.* 711, 12 *S. E. 2d* 533; *In re Ruggles Estate,* 104 *Me.* 333, 71 *A.* 933. See *Page on Wills* (*Lifetime Ed.*) *Ch.* 26.

Some light is cast upon the problem by *Wilmington Trust Co. v. Chapman,* 20 *Del. Ch.* 67, 171 *A.* 222, affirmed without opinion in 20 *Del. Ch.* 454, 180 *A.* 927. There Chancellor Wolcott had to construe the words "in equal shares unto the issue of such sister or children." He held that the distribution should be *per stirpes.* I see no reason why "heirs" does not imply a stirpital division fully as strongly as "issue"; the analogy is certainly very close, even though the two words have a different connotation. The holding in that case demonstrates a preference for such a division in the event of ambiguity.

Moreover, where the beneficiaries are of different degrees of relationship to the testator, it is not to be lightly assumed that he intended a more remote relative to share

equally with a nearer relative. This principle is not applied in all jurisdictions but I conceive it to be sound. Most of the cases I have examined indicate that the courts will more readily make a *per capita* division where the beneficiaries are of equal degree of relationship than where this is not true. *In re Wootten's Estate*, 253 *Pa.* 136, 97 *A.* 1066; *Condee v. Trout*, 379 *Ill.* 89, 39 *N.E.* 2d 350.

Viewing the present will in the light of what has been said, I am convinced that the testatrix was placing the heirs of Lavinia Baker Layton as a group on the same level as the two sons. I conclude that the words "to be equally divided" as used by her refer to an equal division among the two living children and the heirs of the third child taken together. This finding seems to be in harmony with the modern judicial thought; it more probably represents what this testatrix actually had in mind; and, in my opinion, it is in accord with prior Delaware decisions.

An order will be entered accordingly.

A ruling with respect to the indebtedness referred to in the will is reserved pending further argument.