WEEKS v. FRANKEL.

(Supreme Court, Appellate Division, Second Department. October 16, 1908.)

TRUSTS—CONSTRUCTION—CONVEYANCE BY TRUSTEE—AUTHORITY.

    Where the sole surviving trustee was also the sole beneficiary under the trust prior to the arrival of age of certain minors, he could not convey a good and perfect title to the real estate subject to the trust, under a power in the instrument of trust authorizing the trustee to sell any of the real property.

Submission of controversy, under Code Civ. Proc. §§ 1279, 1281, between Charles M. Weeks, as surviving trustee under the will of George W. Weeks, deceased, and Julia Frankel. Judgment for defendant.

Argued before WOODWARD, HOOKER, GAYNOR, RICH, and MILLER, JJ.

Burlock E. Rabell, for plaintiff.
William Rosin, for defendant.

RICH, J. The question presented is whether a sole trustee, who is for the time being also the sole beneficiary under the will of his de-

ceased father, can, during the time he is such sole trustee and bene-
ficiary, convey and give good title to a parcel of land forming part
of the trust estate. The plaintiff's father died on May 24, 1904, tes-
tate. His will, so far as its provisions are material to the question
under consideration, devises all of his real estate to the plaintiff and
one Michael J. Collins, and their successors, in trust—

"to collect the rents, issues, profits and income thereof and after expending
therefrom such amounts as may be deemed necessary by them in keeping
the said premises in good order and repair and properly insured against loss
and damage by fire and after the payment of all taxes, Croton water rents,
charges and assessments that may be levied thereon, to pay the remainder of
such rents as and when collected to my son, Charles M. Weeks"—the plaintiff
—"until my oldest grandchild me surviving shall arrive at majority or until
my said son shall die, whichever event shall first occur, and thereafter and
until my oldest grandchild me surviving shall arrive at the age of twenty-five
years, or shall die, whichever event shall first occur, to pay the remainder of
such rents as and when collected to my grandchildren in equal shares, wheth-
er born after my death or at any time prior to the termination of the trust,
the issue of any grandchild who may have died prior to the termination of
this trust to take the share to which his or her parent would have been en-
titled if living. Upon the termination of this trust, I give, devise and be-
queath the said real estate to my grandchildren, share and share alike," etc.

By the seventh subdivision the trustees and their successors were
authorized and empowered—

"in their full discretion to sell any or all of my real or personal property at pub-
lic or private sale and upon such terms as they shall deem most advantageous
and desirable, and to make, execute and deliver good and sufficient deeds and
other instruments to carry such sale or sales into effect, and to invest and re-
invest the proceeds thereof in such securities as they shall jointly agree upon,
and I direct that the proceeds thereof shall take the place of the property
sold."

This will was duly admitted to probate, and letters testamentary were
issued to Collins and the plaintiff, both of whom qualified as executors
and entered upon the discharge of their duties as executors and trus-
tees. Collins died January 20, 1905, and on March 1, 1906, the plaintiff
as surviving executor duly accounted, and was discharged. Since
that time he has acted as the surviving trustee under said will. The
testator's oldest grandchild will become 21 years of age on June
23, 1913—at which time the plaintiff if living will cease to be a
beneficiary—and of the age of 25 years on June 23, 1917, when the
trust will terminate and end. On February 13, 1908, the plaintiff and
one Louis Frankel entered into a contract in writing by which the
former undertook and agreed to convey to the latter, or his assigns,
real property which formed part of the trust estate, and Frankel paid
$1,000 on the purchase price. Frankel subsequently assigned said con-
tract and all his interest therein to the defendant. The defendant re-
fused to accept a deed tendered by plaintiff upon the ground that he
could not convey a good, marketable, and perfect title to said premises
under the power of sale, for the reason that the plaintiff was the
sole beneficiary of the income of the premises until his oldest child
reached 21 years of age, and was at the time of making the contract,
and ever since has been, the surviving trustee of the trusts created by
the said will, and cannot, as such, exercise the discretionary power of

sale therein contained, but that he should apply to the court for permission to make the proposed conveyance.

The rule of law that a trust cannot be executed by a sole surviving trustee, who is also a sole beneficiary, without either the appointment of a trustee to fill the vacancy caused by the death of the competent trustee or the supervision of the execution of the trust by the Supreme Court, is conceded by the plaintiff; but he nevertheless contends that a surviving trustee can convey a good title. The cases relied upon by the plaintiff are not applicable to the facts disclosed by the record before us. In Rankine v. Metzger, 69 App. Div. 264, 74 N. Y. Supp. 649, and Sweet v. Schliemann, 95 App. Div. 266, 88 N. Y. Supp. 916, the acting trustee was not the sole beneficiary. Woodward v. James, 115 N. Y. 346, 22 N. E. 150, was determined upon the conclusion that the widow trustee was not a trustee as to her half of the income of the trust estate, but took the same by a direct legal right. In Robertson v. DeBrulatour, 111 App. Div. 882, 901, 98 N. Y. Supp. 15, the trust estate consisted of personal property, and the question arose upon the right of the trustee to commissions.

Our attention is directed to the case of Doscher v. Wyckoff (decided at Special Term and not yet officially reported) 113 N. Y. Supp. 655. In that case it appeared that, while the trustee was beneficiary to the extent of the rents and income of the realty, there was in fact no income arising therefrom, and the court held that she was not trustee and beneficiary of the same identical interest; while in the case at bar, aside from the preservation of the property, the trust was confined to the collection and payment to plaintiff of the net income of which he was the sole beneficiary until his death or such time as his oldest son reached the age of 21 years. At the time he attempted to transfer a parcel of the trust estate he was the sole beneficiary, as well as sole trustee, of the same identical interest. The court sought to distinguish the Haendle Case, 84 App. Div. 274, 82 N. Y. Supp. 823, by the statement that in the latter there was no proof that the testator had any children, and, if not, the widow was the sole beneficiary, as well as trustee; but this was considered only in determining the validity of the trust, and not as to the legal status of the widow, the court saying that the trust was to continue only during the life of the wife, and upon her death the remainder vested in the children, if the testator had any, and, if not, in his heirs at law, from which it followed that a valid trust for the life of the wife was created. A rational presumption flows, from the fact that a testator makes his children his residuary legatees, that he has children, in the absence of evidence to the contrary. In addition, there was a life estate between Mrs. Wyckoff and the enjoyment of any income. The testator does not confer any power or authority upon the survivor of the two trustees named. He devises the property to "my trustees hereinafter named, or to their successors." The expenditures authorized to be made are such as may be deemed necessary by "them." The authority to sell is given to "my executors and trustees and their successors in their full discretion," upon such terms as "they" deem most advantageous. The avails of the property sold is to take the place

of the property itself, and is directed to be invested in such securities "as they shall jointly agree upon." It was his intention, I think, to provide that the trust should not be exercised by one trustee, and that two trustees must unite in the execution of the power of sale and investment of the proceeds.

The defendant is entitled to judgment upon the merits, and for the sum of $1,000—the amount paid upon the execution of the contract—with interest thereon from the date of such payment and the costs of the action.

Let judgment be entered accordingly.

Judgment for defendant, with costs, on submission of controversy, in accordance with opinion of RICH, J. All concur.